## FORMHOLZ v. TAYLOR *et al.*

1. PLEADINGS: SPECIAL AND COMMON COUNTS. A party cannot recover on the *quantum meruit* under a count setting up a special contract; but such recovery may be had under a pleading setting up both a special and a common count.

*Appeal from Johnston District Court.*

THURSDAY, JUNE 26.

UPON the 29th day of September, 1857, the parties defendant to this suit entered into an agreement with the plaintiff, in writing, as follows:

"Fourteen days after date, I agree to deliver unto O. D. Taylor and Nelson Libby, thirteen thimble-skeined two-horse wagons, also one one-horse wagon, and a one-horse top buggy, complete, for which said Taylor and Libby agree to give a bond for a deed of lot No. 5, in block 42, with a building thereon, in the city of Florence, Nebraska, also, the sum of six hundred and seventy-six dollars.
                                                    "O. D. TAYLOR.
                                                    "N. LIBBY."

Indorsed on the back thereof, as follows: "Received on the within the sum of three hundred dollars.
                              "WILLIAM FORMHOLZ.
                              "OTTAWA, September 29, 1857."

The plaintiff alleges in his petition, that, in pursuance of the terms of this agreement, he delivered, in good order, to defendants, the full number of the two-horse wagons, as well as the one-horse wagon and buggy. It appears, further, from the pleadings and evidence, that there was yet due from the defendants upon the said lot, as part of the purchase money near the sum of six hundred dollars; that this amount had

to be paid about the first of November, after the date of the above agreement; that time was made the essence of the contract, and that if defendants should fail to pay the purchase-money when due, that they would forfeit their right to a deed for said lot, and wholly lose the amount of the money paid.

The plaintiff claims that he is entitled to recover for the value of the wagons, &c., as the defendants have failed to assign said bond, or pay the balance of the money as stated in the written agreement, &c.

The defendants answer and aver that the plaintiff failed to deliver said wagons, &c., within the time agreed upon. That when they were delivered, they proved to be of a poorer quality than contracted for, that in consequence of the delay upon the part of plaintiff, the time was about expiring at which the balance of the purchase money had to be paid on said lot, that the defendants were compelled to pay off the same, and that they took the title in their own names. That plaintiff has failed to pay back the money thus advanced, and that the plaintiff having failed thus to fulfill his part of the contract, he is not entitled to recover.

The plaintiff amended his original petition, setting up an additional oral contract with defendants, by which he was to deliver to defendants three additional two-horse wagons, in consideration of which defendants were to pay off the amount due on the bond when it matured, and also obtain for plaintiff a title to said lot. This agreement the defendants deny, and aver that the three wagons were left with them for sale, that they proved to be very inferior in quality, and that out of the whole of the wagons delivered, they had not received money enough to pay back the amount advanced to plaintiff, and the pay for the lot. Trial, and verdict for plaintiff, for $990. Defendants appeal.

*Edmonds & Ransom* and *Clarke & Davis* for the appellant, in support of the proposition passed upon in the opinion of the court, cited 3 Phil. Ev. (new Ed.), 399; *Bush* v. *Chapman*, 2 G. Greene, 549.

*Clark & Bro.* for the appellee.

BALDWIN, C. J. — There is one controlling fact in this case, that leads us to disfavor the somewhat technical objections of defendants to the ruling of the court, in refusing certain instructions asked, and in overruling the motion for a new trial. That is, the defendants received under their contract, in 1857, the sixteen two-horse, and the one one-horse wagon, and the buggy, property, according to the value placed thereon by plaintiffs witnesses, worth the sum of $1,460, and that could not at the time of delivery, according to the testimony of defendants' witnesses, have been worth less than the sum of $1,050, and for which the plaintiff has to this day received but the sum of $300.

One position assumed by the defendants is, that the plaintiff, having declared specially upon the written contract, he cannot recover upon the additional count for the value of the property delivered, after it had been made to appear that he had failed to comply with the terms of the special contract. The giving and refusing certain instructions by the court unfavorable to this position of defendants, is assigned as error.

The counsel rely upon the ruling of this court, or rather the authorities cited by counsel in their briefs, as reported in the case of *Eyser* v. *Weisgerber*, 2 Iowa, 467, as tending to show the incorrectness of this ruling of the court.

The court there held that when a party declares specially he must succeed upon his special case, and cannot recover as upon the common counts; that where a party would recover for the reasonable value of services rendered or

material furnished, upon a special contract, he must either declare in general assumpsit, or unite the common with the special counts. It was for this reason, alone, that the plaintiff had declared specially, and not upon both the special as well as the common counts, that the court held that the plaintiff could not recover on the *quantum meruit*. In other words, we understand the court, indirectly at least, to sustain the rule as adopted in *Britton* v. *Turner*, 6 N. H., 481. If not, however, clearly recognized in this case, it is without doubt in the case of *Pixler* v. *Nichols*, 8 Iowa, 106. The plaintiff in this case declares specially upon the contract, and also as upon the common count, for goods sold and delivered, and upon the authority of the above rulings of this court he could recover upon the common count, on the *quantum meruit*. We however think that the instructions asked by defendant were inapplicable, for the reason that the plaintiff relied upon his special contracts, and the question was one for the jury whether or not the additional oral contract was made, and if so, whether it was not substantially complied with by plaintiff.

The very fact that the defendants paid the amount due on the bond is strong evidence, to our minds, that the oral contract, as alleged, was made. If it had not been made, the defendants could have complied with their part of the original contract by an assignment and tender of the bond to plaintiff. And if the plaintiff permitted it to be forfeited, it was his loss, not defendants'.

We do not propose to follow further the points assumed by the counsel of appellant. We think the charge of the court fully and clearly presents the law as applicable to the case, to the jury. We see nothing from the whole of the evidence that would justify us in disturbing the verdict, even if it was for a much larger amount. There is some evidence tending to show that the wagons were not, in every respect, finished, and of the best quality, but the defendants

accepted of them at the time of their delivery, without complaint. The jury, however, must have made as large deductions for the failure of the plaintiff to comply with the conditions of the contract, both as to the time of delivery, and the character of the work, as the evidence would justify.

Affirmed.