## ELLWOOD AND LOWRIE v. WILSON.

1. **Attorney:** CONTRACT WITH CLIENTS. Contracts between attorneys and clients, which operate to prevent clients from settling their suits, are not encouraged by the courts.

2. **New trial:** EVIDENCE: ISSUES. A judgment will not be reversed on the ground that the verdict was not sustained by the evidence and instructions of the court touching a *quantum meruit*, when the evidence is incompetent under the issues joined and is conflicting.

3. **Appeal:** ATTORNEY: AFFIRMANCE AFTER PAYMENT. An affirmance in the Supreme Court of a judgment of the District Court, after payment, will be set aside, upon a showing by a complete transcript of the

Ellwood and Lowrie v. Wilson.     ‑

dismissal of the appeal and the entry of satisfaction; and an attorney knowingly procuring such an affirmance cannot recover against his client for the services.

*Appeal from Boone District Court.* ⸝

THURSDAY, DECEMBER 20.

ATTORNEYS' FEES: ACTION FOR: CONSTRUCTION OF CONTRACT, PLEADING, &C.—This action is brought by the plaintiffs, who are attorneys at law, to recover for professional service alleged to have been rendered by them for the defendant. The record shows that, at the April Term, 1865, of the Boone District Court, Wilson recovered a judgment against the Cedar Rapids and Missouri River Railroad company, the plaintiffs acting as his attorneys. Soon after, the parties entered into the following written contract, to wit:

"J. A. WILSON
*v.*
" THE CEDAR RAPIDS AND MISSOURI
RIVER RAILROAD COMPANY.

" Be it remembered, that J. A. Wilson, J. M. Ellwood and C. W. Lowrie, make this agreement in regard to their fees in the above . entitled cause. Whereas at the April Term of the District Court of Boone county, Iowa, the said J. A. Wilson obtained in said court a judgment against the said Cedar Rapids and Missouri River Railroad company in the sum of eight hundred and eighty-three dollars; and whereas the said defendant, the Cedar Rapids and Missouri River Railroad company, are about to take an appeal from said judgment to the Supreme Court of Iowa. Now, therefore, the said Wilson and his attorneys Ellwood and Lowrie agree as follows : The said Wilson has this day given his two notes to the said Ell-

wood and Lowrie in the sum of seventy-one dollars and fifty cents each, due and payable in four months from this date as part payment, as attorney's fees for said suit; and in the event that judgment appealed from be affirmed in the Supreme Court, then the said Wilson agrees to pay said Ellwood and Lowrie the further sum of one hundred and fifty-one dollars and fifty cents, with six per cent interest from date; but should such judgment be reversed, then the aforesaid two notes shall be in full payment for the trial of said cause in the Supreme as well as in said District Court. And it is further agreed that said Wilson shall be at no expense in any way or manner for the trial of said cause in the said Supreme Court so far as attorney's fees are concerned.

" ELWOOD & LOWRIE.

J. ABEL WILSON."

The present action is brought upon this written contract to recover the sum of $151.50 therein mentioned, to be paid should the judgment be affirmed in the Supreme Court. And the plaintiffs allege that, " acting as the attorneys for the said defendant, the said judgment was affirmed by the Supreme Court on the 28th day of June, 1866." Plaintiffs admit the payment of the two notes of $71.50 each, mentioned in the written agreement.

The railroad company issued an appeal notice July 8, 1865, and this was served upon the present defendant *in person* (and not upon plaintiffs), and upon the clerk, July 10, 1865. On the 8th day of September, 1865, Wilson, upon " his own responsibility," settled the cause with the railroad company on receiving, in cash, $470. He had previously to the appeal taken out execution, and had not been able to make his debt. When the settlement was made, Wilson, on the 8th of September, 1865, receipted on the judgment docket *payment in full*, and the attorney

for the company also entered thereon a dismissal of the appeal.

The evidence was conflicting as to whether the defendant ever informed plaintiffs that an appeal had been taken.

Plaintiffs claim that defendant never notified them that he had settled the cause.

Defendant claims that he did notify one of the plaintiffs of the settlement very soon after it was made.

At the June Term, 1866, of the Supreme Court, the plaintiffs, upon a transcript procured by them, had the judgment in favor of *Wilson* v. *The Railroad Company* affirmed on motion.

This, Wilson claims, was done without his knowledge or request, and after the plaintiffs knew the cause had been settled; but this the plaintiffs do not admit.

Verdict was rendered in favor of the defendant.

The other necessary facts, as well as the questions presented by the record, will be found stated in the opinion of the court.

Plaintiffs appeal.

*D. O. Finch* for the appellants.

*Jno. Porter* for the appellee.

DILLON, J.—Certain instructions given and refused are assigned as error.

I. The plaintiffs asked, but the court *refused* to charge, "that, if an appeal was taken by the railroad company, and plaintiffs had entered upon the performance of the contract on their part, the defendant (Wilson) had *no right to settle* the suit without plaintiffs' consent, and, if he did so, he would still be liable to the plaintiffs for the *amount specified in the contract.*"

1. ATTORNEY: contract with clients.

It is our opinion that this ruling is correct. The contract was not intended to prevent the defendant from

Ellwood and Lowrie v. Wilson.

settling his cause. The law encourages the amicable adjustment of disputes; and a construction of a contract which would operate to prevent the client from settling will not be favored. The instruction was objectionable in asking the court to charge, that the defendant, if he settled his cause, would, if plaintiffs had merely *entered upon* their duties under the contract, be liable to pay them the *full* amount specified in the contract.

II. The court, at plaintiffs' instance, instructed the jury, "that, if the plaintiffs, after an appeal taken, rendered

2. NEW TRIAL: any service in the preparation of said cause evidence: issues.          for argument in the Supreme Court before they knew of the settlement, they are entitled to recover the value of such labor and services, as shown by the evidence."

To this the plaintiffs *do not object*; and this instruction seems to us to be just. This view does not prevent defendant from settling the cause, but obliges him to pay for any services rendered by the attorneys in good faith after notice of appeal and before notice of settlement.

But the appellants make this point, viz.: That the jury disobeyed this instruction and others of a similar character. They claim that they produced *undisputed* evidence that they rendered some services after appeal taken and before they had knowledge of the settlement. And the appellants insist that, because the jury disregarded the law as charged, the court should have sustained their motion for a new trial. The bill of exception shows that we have only the *substance* of the testimony. *The State* v. *Lyon*, 10 Iowa, 340; *State* v. *Hockenberry*, 11 Id., 269, 270. If it be assumed that we have before us all of the testimony, we should strongly incline to hold (knowing, as we do, the high character, personal and professional, of the witness by whom the evidence in question was given), that professional services were rendered in good faith, to some

extent, after the appeal and before notice of settlement. But there were some circumstances elicited on cross-examination and shown by other testimony, which, if credited by the jury, would make the services, and especially the value thereof, questions which fall peculiarly within the province of the jury, and in relation to which it could not fairly be claimed that the evidence was undisputed.

Besides, under *the pleadings* (see statement and last division of this opinion), evidence of a right to recover on the *quantum meruit* was incompetent, was objected to by the defendant but admitted by the court. Under these circumstances we feel less disposed than we would otherwise be to reverse the judgment because the verdict was against the weight of the evidence, on an issue not made by the pleadings and in respect to which the evidence was improperly received and received against the defendant's objection.

III. The court charged the jury that if plaintiffs, on their own motion, after knowledge that the cause was set-
s. APPEAL: af- tled (leaving the question of their knowl-
firmance after
payment.  edge to be decided by the jury as one of fact), procured a transcript to be filed in the Supreme Court and a judgment of affirmance rendered, this would not entitle them to recover for services rendered "after they knew the cause had been settled and the judgment satisfied."

It requires no argument to show that this ruling was right. It is fruitless to affirm a judgment that is paid. If an attorney should knowingly do this it would be unjust to hold that he could make his client pay him for it. Even if affirmed upon a partial record it would be set aside on producing a transcript which showed the dismissal of the appeal and entry of satisfaction.

IV. If there was any error in allowing the deputy clerk to testify and point out what portions of the record in the

case of *Wilson* v. *The Railroad Company* he had transcribed at the request of the plaintiffs' agent, it was not such a one as would justify a reversal. The purpose for which this evidence was admitted was clearly established by other testimony to which there was no objection. The fact to which the evidence in question was directed was scarcely a disputed one in the case.

V. The present petition is wholly based *upon the written contract*, alleging full performance, and asking full compensation at the contract price. It contains but one count, and this was a special one *on the contract*. It might be a question, whether this would bar a subsequent action by the attorneys upon a *quantum meruit*. *Corwin* v. *Wallace*, 17 Iowa, 374. See *S. C.* at prior term not reported; *Eyser* v. *Weissgerber*, 2 Iowa, 467; *Formholz* v. *Taylor*, 13 Iowa, 500.

Upon the legal points reviewed, we discover no error sufficient to justify a reversal of the judgment. But, in ordering it to be affirmed, we deem it right, in view of the state of the pleadings and course of the trial, to reserve to the plaintiffs the right to sue for the value of their services as upon a *quantum meruit*, without being estopped or barred by the present action and judgment.

Affirmed.