ENOS B. HUNT v. S. B. TUTTLE, Appellant.

**Express contract:** QUANTUM MERUIT. A plaintiff choosing to rely upon an express contract of employment cannot recover on a *quantum meruit.*

*Appeal from Polk District Court.*— HON. C. P. HOLMES, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

This is a suit to recover for services rendered under an express contract of employment to sell real estate. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.— *Reversed.*

*Carr, Hewitt, Parker & Wright,* for appellant.

*C. C. & C. L. Nourse,* for appellee.

Sherwin, J.— The petition alleges an oral contract of employment to sell the defendant's property, without any agreement as to the plaintiff's compensation therefor, and the answer denies the employment. Evidence was introduced on the issue thus tendered, and the court instructed thereon. Another instruction was given, however, as follows: "If you shall find that the plaintiff has at all times material in this action been engaged in the sale of real estate owned by others on commission; that defendant had knowledge of that fact, and also knew that plaintiff was making efforts to sell said real estate, and made no objection to his so doing, but acquiesced therein — then, and under such circumstances, the law implies a contract of employment." Under the issue tendered the instruction was erroneous. The declaration was upon an express contract of employment, and the plaintiff could not thereunder recover upon a *quantum meruit.* *Duncan v. Gray,* 108 Iowa, 599; *Walker v. Irwin,* 94 Iowa, 448; *Wernli v. Collins,* 87 Iowa, 549. It does not seem to us that the question here presented is one alone of variance between pleading and proof. The plaintiff selected his own ground, and chose to rely upon the express contract pleaded; and, while the evidence offered by him in support of his petition may also have tended to prove an implied contract, he was not entitled to recover on such a contract under the authorities cited. In *Hunt v. Higman,* 70 Iowa, 406, relied upon by the appellee, the answer alleged an express contract that the plaintiff should take a certain note in payment of the debt sued upon. After the evidence had been offered which tended to prove this agreement, the defendant amended to conform his pleading to the proof, and withdrew his allegation of an express contract, and pleaded facts from which an agreement would be implied. This amendment was stricken, and we held, properly so, because the evidence tending to prove an implied contract tended also to prove the express one pleaded, and hence there was no fatal variance. The case does not hold, by implication even,

that a new issue may be injected into the case by the court's instructions or by the introduction of evidence. In *Miller v. Kendig,* 55 Iowa, 174, the express contract pleaded was that the plaintiff was to have one-half of the proceeds of the sale of land above a certain price, while the evidence tended to show that the real contract was that he was to have one-half if the land was sold for coal land, and for a reasonable amount above the price paid. It was held that there was no fatal variance between pleading and proof, and nothing more. The evidence in this case would not have warranted a directed verdict for the plaintiff under the issue tendered and tried, or, indeed, upon an implied contract; hence we cannot say that the instruction was without prejudice. Other instructions are complained of, but we need not consider them in view of the fact that we shall have to reverse on the one noted. — *Reversed.*