In the Matter of the Estate of EDWARD A. OLDFIELD, deceased.

NANCY BOWIE v. WM. TROWBRIDGE, Executor, Appellant.

Contracts: PERSONAL SERVICES: RECOVERY ON QUANTUM MERUIT: EVI-
1 DENCE. One basing an action for services entirely upon an express contract cannot recover upon quantum meruit; but direct evidence of the contract is not required to authorize recovery if the facts and circumstances fairly show such agreement. The fact that plaintiff performed services for deceased when taken in connection with the character of the service, absence of relationship, and all the surrounding circumstances, are held sufficient to raise a presumption that plaintiff entered the service under an express agreement.

Same: LIMITATIONS. Where the evidence showed that the service
2 was continuous for a series of years, with the exception of two or three brief absences or visits, that part of the claim accruing more than five years prior to commencement of the action was not barred.

Same: SUSPENSION OF STATUTE. The running of the statute of lim-
3 itations against a cause of action for the breach of a marriage contract is not suspended by the death of the promisor.

**Same:** INSTRUCTION. An instruction authorizing recovery for services regardless of the express agreement relied upon by plaintiff was erroneous.

**Same:** INSTRUCTION: AMOUNT OF RECOVERY: REVERSIBLE ERROR. An instruction authorizing recovery on one count for personal services of more that the amount claimed in the petition was reversible error; it being impossible to determine on appeal how much was allowed on each count.

**Appeal:** NOTICE: SUFFICIENCY. A notice of appeal need not be signed by the appellant in person; it is sufficient if signed by his attorney.

**Same:** ABSTRACT: COST OF PRINTING. Where the appellee failed to number the lines or to index his amendment to the abstract the cost of printing the same was taxed to him, but the abstract was not stricken.

*Appeal from Carroll District Court*—HON. M. E. HUTCHINSON, Judge.

SATURDAY, DECEMBER 14, 1912.

THE facts are stated in the opinion.—*Reversed.*

*Chas. E. Helmer,* for appellant.

*Brown McCrary,* for appellee.

SHERWIN, J.—Edward A. Oldfield, a resident of Carroll, Iowa, died testate December 2, 1910, and the defendant, Wm. Trowbridge, was later appointed executor of his estate. On January 11, 1911, the plaintiff filed two claims against the estate, and later a petition was filed which embodied the two claims. The first count of the petition alleged a promise of marriage and a breach thereof during the lifetime of the deceased, and asked damages on account thereof in the sum of $5,000, and the second count averred that in 1893 the plaintiff went to work for deceased on his farm at his instance and request and under an express agreement so to do;

that plaintiff continued in the employment of deceased "from September, 1893, to September, 1910, except when temporarily away on a visit, and that the reasonable value of said services during all of said time was $5.00 per week." Plaintiff alleged that payments had been made to her from time to time during said period, aggregating about $230, and she asked judgment for her services in the sum of $3,975. There was a denial of the allegations of the petition, and the defendant further pleaded that whatever breach there was of the agreement to marry occurred more than two years prior to the commencement of this action, and is barred by the statute of limitations. And, as to count 2 of the petition, the defendant alleged that all of said claim which accrued prior to five years before the commencement of this action is also barred by the statute. The case was tried to a jury, and a verdict was returned for the plaintiff for $5,000. This verdict was reduced $4,749.00 by the court, and plaintiff's claim therefor was allowed. The defendant appeals.

I.  The plaintiff alleged that she went to work for the deceased under an express agreement that she should do so, and, as there is no direct evidence of such agreement, the appellant contends that plaintiff is not entitled to recover on that branch of her case. It is the rule in this state that, where the pleadings are based on an express agreement alone, no recovery can be had on a quantum meruit. *Hunt v. Tuttle,* 125 Iowa 676; *Leonard v. Leonard, Adm'r,* 134 Iowa, 131.

1. CONTRACTS: personal services: recovery on quantum meruit: evidence.

Direct evidence of such an agreement for employment is not necessary, however. If from all of the facts and circumstances appearing in the case it can fairly be said that there must have been such an agreement, it is sufficient.

In 1893 the plaintiff's husband was living and she had five minor children. She then and at the time she went to work for the deceased lived with her children, and, so far as the record shows, with her husband also, in Mondamin, Harrison county. Oldfield was then living on a farm in Sac

county, with his wife and family, consisting of several children, and it was to that farm that the plaintiff went in the fall of 1893, leaving her family in Mondamin. Plaintiff was in no way related to the deceased, nor does it appear that they had been acquainted prior to 1892, or that their relations were unusually friendly or intimate at the time that she went to work for him. As we understand the record, plaintiff lived in the house with the Oldfield family from the fall of 1893 until some time in the year 1894, when Oldfield brought her children to her from Mondamin, and thereafter she and her children lived in a small house on the farm for a number of years. Plaintiff's husband died in 1894, but whether before or after the children were taken to the plaintiff in Sac county does not appear. It will be presumed, however, in the absence of any showing to the contrary, that plaintiff's husband had the children with him, and, at least, assisted in their care until his death, and it will also be presumed that plaintiff was at work away from home for the common good of the family, and this because the law will not presume that she had deserted either her husband or her children. The record shows conclusively that plaintiff went to the Oldfield farm for the purpose of working, and that from the first she did do heavy manual labor and soon became of great value to deceased as a laborer. She worked in the fields, took care of stock, and performed any other work there was to do on the farm.

It is a general rule that the fact that one is found doing service for another is *prima facie* evidence of an employment. 26 Cyc. 1410; *Perry v. Ford,* 17 Mo. App. 212. And we think the circumstances surrounding the parties and their relationship as practical strangers raise the presumption that the plaintiff went to work for the deceased under an express agreement. It will be observed that there are no allegations in the petition that there was an express agreement as to the compensation that should be paid for such services.

II.   There was no error in overruling the defendant's

motion to strike out all evidence relative to services rendered
prior to five years before the commencement
of this action. The evidence as a whole
tended to show that the service was continuous for the entire
time up to at least within a year or two of the commencement
of this action with the exception of one or two brief periods
when plaintiff was absent on visits, and, such being the case,
the statute did not begin to run. *Kilbourn v. Anderson*, 77
Iowa, 501; *Asher v. Pegg*, 146 Iowa, 541, 21 Cyc. 975, and
cases cited on page 976.

2. SAME: limi-
tations.

III. Complaint is made of instructions 10 and 11, be-
cause they told the jury, in effect, that plaintiff's cause of
action for breach of promise of marriage
would be barred, if the breach occurred more
than two years prior to Oldfield's death.
The death of Oldfield would not stop the running of the stat-
ute; and hence it was error to place the time at his death,
instead of at the time when the action was commenced.
*Widner v. Wilcox*, 131 Iowa, 223; *Black v. Ross*, 110 Iowa,
112. But it is doubtful whether this error in the instructions
was prejudicial to the defendant, because of the fact that the
undisputed evidence shows that there was a breach of a re-
newed promise within two years prior to the commencement
of the action.

3. SAME: sus-
pension of
statute.

IV. In instruction 14 the court told the jury that plain-
tiff might recover on her claim for services, if it was found
that she performed labor for Oldfield with his knowledge
and consent, but without an express agree-
ment fixing the compensation therefor, and
that the law would presume that she was to receive pay for
such labor. This instruction was erroneous, because it di-
rected a recovery for plaintiff on the finding that she per-
formed labor for Oldfield, regardless of the express agree-
ment under which alone the plaintiff claimed. *Leonard v.
Leonard, supra; Hunt v. Tuttle, supra.*

4. SAME: in-
struction.

V. The plaintiff claimed in her petition that her services

were worth $5 per week during the entire time of her employment. On the trial there was evidence tending to show that during a part of the time her services were reasonably worth $5.50 per week, and in the fourteenth instruction the jury was told that plaintiff should be allowed the reasonable value of her services, not exceeding the entire amount claimed therefor, which was $3,975, or $5 per week for the entire time. The instruction was erroneous in this respect, because there was evidence tending to show that plaintiff was not performing service for the deceased during several periods of a month or more, and it is manifest that the instruction authorized a recovery of more than the amount claimed per week. *Miller v. Armstrong*, 123 Iowa, 86; *Baker v. Oughton*, 130 Iowa, 35.

5. SAME: instruction: amount of recovery: reversible error.

It being impossible to determine what amount was allowed to plaintiff for her services and what amount for breach of promise of marriage, there is no way of correcting this error, and it must be deemed prejudicial.

VI. Instruction No. 15 presented an issue to the jury that was not in the case, as we understand the record, but it was not in our judgment prejudicial to the estate.

VII. Appellant's contention that the evidence is insufficient to sustain the verdict and judgment cannot be sustained. In view of a retrial we shall not discuss this feature of the case, but we are impressed with the merit of both claims made by the plaintiff.

VIII. Appellee moves to dismiss the appeal, because the notice thereof was signed by defendant's attorney, and for alleged informalities in the notice itself. The statute provides that an appeal is taken and perfected by serving a "notice in writing on the adverse party, his agent, or any attorney who appeared for him in the court below. . . ." There is no requirement that the notice be signed by the appellant in person, nor that his name be signed thereto by his attorney

6. APPEAL: notice: sufficiency.

or agent.  Code, Section 319, authorizes an attorney to exe-
cute such notice in the name of his client, and we think it
broad enough to authorize the attorney to sign such notice
for his client.  We think it the general rule that the attorney
for the appellant may sign a notice of appeal as such attor-
ney, where there is no statutory requirement otherwise.
There is nothing in this motion and it is therefore overruled.

IX.  Appellant's motion to strike appellee's amendment
to abstract because the lines thereof are not
numbered and because not indexed is over-
ruled, but the cost of printing such addi-
tional abstract will be taxed to the appellee.  For the errors
pointed out, the judgment is *Reversed*.

7. SAME: ab-
   stract: cost
   of printing.