IN RE ESTATE OF JENNIE F. HOWELL..

LEWIS O. BATES, Appellee, v. ESTATE OF JENNIE F. HOWELL, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Claims — Amendment After Expiration of Time Limit. A claim in probate, based on an *express promise* to pay for certain services, and duly filed within the statutory time, may, after the time for filing claims has elapsed, be so amended as to enable claimant to recover, either on the express promise *or on a quantum meruit.*

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

FRIDAY, APRIL 6, 1917.

THIS was a proceeding in probate to establish a claim against the estate. The case was tried to a jury, and the claim was allowed and established in the sum of $15,300. The administrator appeals.—*Affirmed.*

*Henry & Henry,* for appellant.

*N. E. Coffin* and *Parsons & Mills,* for appellee.

EXECUTORS AND ADMINISTRATORS: claims: amendment after expiration of time limit.
PRESTON, J.—No objection is urged by appellant to the claim, except as to the filing of the amended and substituted claim. The error relied upon for reversal is that the court erred in allowing the presentation to the jury of the amended and substituted claim, on the theory that it was not germane, but was an entirely separate and distinct claim from that originally presented. The statute of limitations is argued; but it is not strictly such, but only whether the amended and substituted claim, if it is a separate and distinct claim from that originally filed, was filed in time. If it be held that the amendment was proper and germane to the original claim, then it is unnecessary to discuss the question of the date of the filing, or

the statute of limitations, and we will now take up that question.

The original and the amended and substituted claim are somewhat lengthy, covering several pages in the abstract. We shall set out enough of each to present the claim of the different parties. The claim as originally filed recites that the plaintiff claims of the estate the sum of $40,000.

"That from January, 1894, up to the death of said Jennie F. Howell in May, 1914, plaintiff performed labor and services for the said estate, and for her benefit, and at her instance and request, as the general manager and superintendent of her farm and other properties and adviser in all her business and personal affairs; that he assisted in caring for deceased and for her father; that he performed said labor and discharged said duties during said period of 20 years without any compensation except his board and a few clothes, and that the total cash paid plaintiff or for his benefit by decedent did not exceed the sum of $30 per year during the entire period that said labor and services were performed for deceased, under the distinct oral understanding, agreement and promises of the said Jennie F. Howell, repeatedly made to plaintiff by her, that she would some day fully and liberally compensate plaintiff for all of his time, work and services, and for all his kindness and helpfulness, whenever she had available money and property with which so to do, and would execute a will in favor of the plaintiff and therein devise and bequeath to plaintiff a home and plenty of land to go with it, and ample property and means with which to equip said farm so devised to plaintiff by said decedent, and so provide for plaintiff that plaintiff for the remainder of his days would have a good home and a good living without work and without wanting any of the comforts of life, and the said Jennie F. Howell frequently and repeatedly stated to and promised the plaintiff that she and the plaintiff were, and would continue to

be in the future, partners in all of her property and business, and have a permanent home together as long as they should live, and that plaintiff should have and receive one half of all that she owned, acquired, or possessed while living, and become her heir in the event of her death."

The claim then proceeds to state that, about 1894, plaintiff and deceased became engaged to be married, but that it was postponed because of the condition of her father's health and of her own physical infirmities, and then proceeds in more detail to state the promises to make a will, etc.

During the trial, claimant asked leave to file what was denominated an amended and substituted claim, which, as appellant contends, is founded upon the rendering of certain services by claimant to the decedent, without any express agreement on the part of decedent as to payment for said services, or for a partnership, or for the making of her will in his behalf, and with no reference to any marriage agreement. A condensed statement of the amended and substituted claim is substantially as follows:

He claims $40,000; that plaintiff worked for deceased as superintendent and general manager of the farm and acted as general assistant and confidential adviser in all her business and affairs, and performed labor for her, and assumed the responsibility of the management of her farm and other properties; that, during all of said time, claimant did all these things without any compensation except his board and a few clothes, and that the total cash payment paid claimant, or for his benefit, by deceased, did not exceed $30 per year during the entire period; that this claimant alleges and claims that the reasonable value of the services rendered by this claimant to the decedent during said period was the sum of $125 per month, in addition to board and lodging.

The filing of this amended and substituted claim was

resisted by the estate on the ground that it was a new and independent cause of action, and entirely different from the cause of action submitted in the original claim; that, letters of administration having been issued in the estate on June 2, 1914, and notice of appointment posted June 3, 1914, the alleged new claim was barred by the special statute of limitations. Section 3349 of the Code. No answer or pleading of any kind was filed by the administrator. The objection to filing the claim was overruled, and the case proceeded to a conclusion, and a verdict was rendered as before stated. Appellant relies upon the following cases (particularly the *Hunt* case): *Hunt v. Tuttle,* 125 Iowa 676; *Jones v. Buck,* 147 Iowa 494, 497; *Littell v. Webster County,* 152 Iowa 206, 215; *In re Estate of Oldfield,* 158 Iowa 98, 100; *Sullivan v. Herrick,* 161 Iowa 148.

In the *Hunt* case, plaintiff sued upon an express oral contract of employment to sell defendant's property, without any agreement as to plaintiff's compensation, and the answer denied the employment. The trial court instructed upon these issues, and. also gave an instruction under which the jury might render a verdict for plaintiff upon a *quantum meruit,* and this was held to be erroneous. The court said:

"It does not seem to us that the question here presented is one alone of variance between pleading and proof. The plaintiff selected his own ground,. and chose to rely upon the express contract pleaded; and, while the evidence offered by him in support of his petition may also have tended to prove an implied contract, he was not entitled to recover on such a contract under the authorities cited."

But in that case, the petition alleged only the express contract. But in the instant case, claimant relied upon a contract,—at least such was the original claim,—and by the amended and substituted claim asked for the value of the services. The case at bar is for services rendered by the

claimant, and it is alleged that it was done with the consent and knowledge of the person to whom the services were rendered. Such was substantially the situation in the *Jones* and *Littell* cases.

In the *Oldfield* case, the second count of the petition or claim averred that plaintiff worked for deceased at his instance and request, and under an express agreement so to do. Defendant contended that, as there was no direct evidence of such agreement, plaintiff was not entitled to recover on that branch of the case. But the court said that direct evidence of the agreement for employment is not necessary, but that if, from all the facts and circumstances appearing in the case, it can fairly be said that there must have been such an agreement, it is sufficient. The court instructed that plaintiff might recover for services if it was found they were performed with the knowledge and consent of the deceased, but without an express agreement. This instruction was held to be erroneous, because it authorized a recovery on the finding that she performed labor for Oldfield regardless of the express agreement alleged, citing the *Hunt* case and another. And the instruction was held erroneous on another ground; but we think the authority does not support appellant's contention as to any question arising in this case.

Appellee cites *Chariton National Bank v. Whicher,* 163 Iowa 571, where it was held, substantially, that an amendment to a claim against an estate which is germane to the claim as originally stated, and which does not destroy its substantial identity or substitute a new and different demand, will not deprive the claimant of the advantages of his original filing, and that a claim may remain the same in a legal sense, although the grounds may be changed by amendment. In the instant case, the original claim was filed within the year in which plaintiff claimed of deceased for work he had done for deceased on her farm, and of this

claim, the administrator of the estate had notice. Later, an amended and substituted claim was filed, and this was the claim of the same person against the same estate, for the same services rendered, covering the same period of time. Plaintiff would be entitled to recover under the first or the amended claim, according as his proof might establish one or the other. A recovery had upon the cause of action as originally stated would be a bar to any recovery upon the amended claim.

As said in the *Whicher* case, claims such as these are usually stated in general and informal terms, and the law of pleading, is not usually strictly applied. It was also said in that case that, even under strict rules of pleading, generally, a proper amendment goes to the cause of action as originally alleged; the amended pleading is regarded as a continuance of the original pleading, and takes effect by relation from the filing of the latter.

In the instant case, the amended and substituted claim eliminates a number of matters set up in the original claim. But, as said, plaintiff is asking a recovery for the same services. The amendment clarifies the original pleading, and substantially the only difference between the two is that the original alleges an express contract to pay, while the second asks to recover for the value of the services performed by plaintiff for deceased, with her knowledge and consent. It might be said that the amendment is, in effect, a second count. We think the so-called amended and substituted claim is germane to the original claim, and that the court property overruled the defendant's objection to the filing of the same.

It follows, then, that the judgment of the district court ought to be, and it is,—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.