Walt SITZLER, also known as Walter Sitzler, Appellant,

v.

William Eugene PECK, Sandra L. Peck, H. A. Wolf Company, Inc., Fairlane Corporation of Omaha, Nebraska, Fairlane Land Development Company, B. H. Buras, and Lincoln Life and Casualty Company, Appellees.

No. 53075.

Supreme Court of Iowa.

Nov. 12, 1968.

Pogge, Root & Payne, Council Bluffs, for appellant.

Connolly & Connolly, Council Bluffs, for appellees Fairlane Corp. of Omaha, Nebraska, Fairlane Land Development Co., and B. H. Buras.

Porter, Heithoff & Pratt, Council Bluffs, for appellees H. A. Wolf Co., Inc., and Lincoln Life and Cas. Co.

LARSON, Justice.

In this equity suit under chapter 572 of the 1966 Code of Iowa, plaintiff, a carpenter, sought to foreclose a mechanic's lien for material and labor furnished for the construction of a prefabricated house for defendants Fairlane Land Development Company, a land developer, Fairlane Corporation of Omaha, a building corporation, and B. H. Buras, their president in Carter Lake, Pottawattamie County, Iowa. Other defendants include H. A. Wolf Company, Inc., mortgagee, William Eugene Peck and Sandra L. Peck, who purchased the house, and Lincoln Life and Casualty Company, assignee of a Peck mortgage to Wolf Company.

Plaintiff's petition alleged inter alia an oral contract between himself and the Fairlane corporations and their officer Buras for the construction of a house at 1213 Lynwood Drive in Carter Lake, Iowa, the fair and reasonable value of the furnished labor and materials, the sum he had been paid, and the balance due. A later amendment reduced the balance to $3,138.-00. At the close of plaintiff's evidence defendants' motion to dismiss was sustained by the court. Plaintiff appeals. We reverse.

The issue raised by this appeal is whether defendants' motion to dismiss plaintiff's petition, made at the close of plaintiff's evidence, should have been overruled and judgment entered as prayed when defendants failed to present any evidence in the matter.

Appellant contends the uncontradicted evidence sustains the contractual allegations in his petition, that under his pleadings he can prove the reasonable value of his services, the same being on a point not covered by the express contract, and that the evidence established the fair and reasonable value of those services.

Appellees contend plaintiff alleged an express oral contract not sufficiently proved, that his evidence related to a basis of recovery other than that alleged, and that there was a fatal variance between his pleading and proof which required the dismissal of his suit.

From the record we learn plaintiff's petition, filed March 2, 1967, alleged that "on or about 23 August, 1965, this plaintiff entered into an oral contract to construct a dwelling house on the aforesaid mentioned real estate with (the named defendants) * * * whereby plaintiff would perform the necessary labor and purchase and install any materials necessary to construct and complete such dwelling * * * according to Federal Housing Administration requirements and specifications." It further alleged plaintiff did perform "in a good and workmanlike manner" the services contemplated and completed on May 25, 1966. There is no allegation as to the sum or sums plaintiff was to be paid for these services, but it is alleged "that the fair and reasonable value for such labor and material as enumerated * * * amounts to $7,093.00; that this plaintiff has been paid the sum of $3,750.00; that the reasonable value of balance of the labor and materials due this plaintiff is $3,343.00."

Plaintiff testified: "I did not have a written contract on the home at 1213 Lynwood, which is involved in this lawsuit." He said: "I was notified to commence work on this home by the Fairlane Corporation office two days before we started working on the foundation." He related the understanding as to the labor and material he was to furnish and that which was to be furnished by the defendants. He testified as to several other houses he had built under this arrangement and told of the extras required on this job, including an extra half bath, gutters, insulation, and a large front stoop. He denied there was any set amount for his services expressed and testified his costs to build this house were determined on a square foot basis at $7.00 per square foot, which was the fair and reasonable value thereof. He testified there were 884 square feet in this home and that the reasonable value of the extras furnished was $700.00.

At the close of plaintiff's evidence defendants moved to dismiss, for the reason that (1) the proof failed to sustain the allegations of plaintiff's petition, (2) the proof did not establish a cause of action against the defendants, and (3) plaintiff pleaded an express contract and placed his proof on quantum meruit, resulting in a fatal variance between pleading and proof. The trial court was under the impression that plaintiff improperly alleged both an express and an implied contract in one count, and that defendants' objection to plaintiff's evidence of reasonable value was good because it amounted to a variance between pleading and proof. It, therefore, sustained the motion to dismiss. As heretofore indicated, under this record we cannot agree.

The question as to whether plaintiff alleged a specific oral agreement to furnish certain labor and material for this project must be answered in the affirmative. The question as to whether he alleged the express agreement included the sum or sums he was to receive for that service must be

answered in the negative. Thus, the nub of this controversy is whether one who alleges a specific agreement as to services to be rendered and fails to allege any agreement as to the amount of compensation he shall receive may recover the value of those services by producing evidence of the reasonable value thereof.

■ I. It is well settled that there cannot be an express contract and an implied one relating to the same subject matter and covering *all* its terms. Maasdam v. Estate of Maasdam, 237 Iowa 877, 887, 24 N.W.2d 316, 321; Lautenbach v. Meredith, 240 Iowa 166, 168, 35 N.W.2d 870, 871.

■ We have held many times that one who pleads an express oral contract alone cannot ordinarily recover upon an implied contract or quantum meruit. Guldberg v. Greenfield, 259 Iowa 873, 878, 146 N.W.2d 298, 301, and citations; In re Estate of Hill, 230 Iowa 189, 200, 297 N.W. 278, 283; Hunt v. Tuttle, 125 Iowa 676, 101 N.W. 509.

■ However, it is equally well settled that there may be an implied contract on a point not covered by an express one. Lautenbach v. Meredith, supra; Maasdam v. Estate of Maasdam, supra; In re Estate of Hill, supra.

■ It often happens that there is an express contract as to the employment, but no agreement as to the amount of compensation, in which case the law implies a promise to pay reasonable compensation. In re Estate of Oldfield, 158 Iowa 98, 138 N.W. 846; Scott v. Wilson, 185 Iowa 464, 468, 170 N.W. 761, 762. Also see Finkle v. Finkle, 239 Iowa 783, 32 N.W.2d 807.

In re Estate of Hill, supra, 230 Iowa 189, at 201, 297 N.W. 278, at 283, involved a claimed express contract for services to be rendered decedent during her lifetime, with no agreement as to compensation for those services. It was held the pleading alleged an express contract, but there was

no fatal variance between pleading and proof when evidence of the value of the services was considered in fixing the reasonable value of those services. The court pointed out there was sufficient evidence of an express contract and the reasonable value of her services performed to take the case to the jury. It said: "The failure to fix the amount of the compensation in the express contracts did not invalidate them and recovery may be had on an implied contract to pay the reasonable value of the services." Also see like circumstances in Maasdam v. Estate of Maasdam, supra.

We are satisfied in the case at bar plaintiff did plead a specific contract as to the services to be performed, but did not plead any agreement as to compensation. Under this circumstance his evidence as to reasonable value was admissible, and the defendants under an implied contract were required to pay the reasonable value thereof, which the undisputed evidence of plaintiff fixed at $7.00 per square foot plus $700.00 for extras.

We have carefully considered the contentions of appellees, considered the cases cited in support of their fatal variance contention, and find them inapplicable. In those cases we find an express contract as to the services to be rendered and the compensation to be paid, and a later attempt to collect for those services on quantum meruit when for some reason the contract was not fully performed. See Eyser v. Weissgerber, 2 Iowa 463; Formholz v. Taylor, 13 Iowa 500; Boyce v. Timpe, Iowa, 89 N.W. 83; Hunt v. Tuttle, supra, 125 Iowa 676, 101 N.W. 509; Jones v. Buck, 147 Iowa 494, 126 N.W. 452.

II. A motion to dismiss admits all well-pleaded facts in the petition for the purpose of testing their legal sufficiency. Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 148, 106 N.W.2d 351, 353, 84 A.L.R.2d 689; Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823; Hawkeye-Security Ins. Co. v. Lowe Construction Co., 251 Iowa 27, 31, 99 N.W.2d 421, 424.

Appellant maintains, by their motion to dismiss, defendants admitted the factual recitations in his petition and, by failing to put on any evidence in their behalf, elected to rest their case upon plaintiff's evidence. He points out that they gave no explanation or evidence of any arrangement with the plaintiff other than that testified to by him. He, therefore, contends he should be granted judgment for the balance claimed due him as fair and reasonable compensation in the sum of $3,138.00 together with 5% interest from June 30, 1966, and the cost of this action. He cites and relies upon the case of Dolan v. Newberry, 200 Iowa 511, 518, 202 N.W. 545, 548, where defendants' motion for dismissal of plaintiff's petition was sustained. In reversing that decision, this court stated:

"The case is in equity, and triable here de novo on the record made below. On that record, we are constrained to say that the appellant was entitled to a decree subjecting the property to the payment of his judgment.

"This result affords an illustration of the hazard incurred in moving for judgment at the close of a plaintiff's case in an action triable de novo on appeal. The appellees, by so doing, rested their rights upon the evidence of their adversary, and lost the only opportunity available to them to prove affirmatively any defense they might have had; and we are required to determine the merits of the case de novo upon the record so made. Brewster v. Brewster, 194 Iowa 803, 188 N.W. 672."

III. There appears to be no controversy as to the form of plaintiff's mechanic's lien or as to its timely filing. It is well settled that a mechanic's lien filed within the statutory period relates back to the commencement of the work. Society Linnea v. Wilbois, 253 Iowa 953, 959, 113 N.W.2d 603, 606, and citations.

The record here discloses Fairlane Land Development Company was the title-

holder when the work was commenced on August 23, 1965. It had given a mortgage on this property to H. A. Wolf Company, Inc., dated January 18, 1965, and recorded January 20, 1965. It appears this mortgage was released of record on May 26, 1966. It also appears a mortgage on this property dated September 16, 1965, and recorded September 23, 1965, was given by Fairlane Land Development Company to H. A. Wolf Company, Inc. This mortgage was recorded after the work was commenced. It also appears a mortgage was given on this property to H. A. Wolf Company, Inc. by Mr. and Mrs. Peck July 27, 1966, and filed on August 22, 1966, which was subsequent to the filing of plaintiff's mechanic's lien. This mortgage was later assigned to the defendant Lincoln Life and Casualty Company. Under this record, it is clear plaintiff's lien, if established, is superior to the mortgages of all defendants. See section 572.18, Code of Iowa, 1966.

IV. We conclude that, plaintiff having properly pleaded and proved the existence of a construction contract which did not provide for compensation, his proof as to reasonable value was sufficient to permit recovery. Judgment is granted against defendants Fairlane Corporation of Omaha, Nebraska, Fairlane Land Development Company, and B. H. Buras, for the sum of $3,138.00 with interest thereon at 5% per annum from June 30, 1966, and costs. Plaintiff's mechanic's lien in Mechanic's Lien Record 13, page 48, in the Clerk of Court's office in Pottawattamie County, is established as prayed and is hereby foreclosed. We also find the liens, claims, or interest of each and all defendants to this action in and to this real estate or the buildings thereon, are junior and inferior to plaintiff's lien, and that a special execution should issue for the sale of said premises or so much thereof as may be necessary to satisfy this judgment, interest and costs.

Reversed and remanded for decree in accordance herewith.

All Justices concur.