## YORK v. WALLACE.

1. **Contract: EVIDENCE: VARIANCE.** Where the contract declared on was an agreement that the judgment debtor would elect to have his land sold subject to redemption rather than by appraisement, and the evidence showed the agreement to be an offer by the debtor to convey the land subject to the debt, it was held that the evidence did not establish the contract.

2. **Instruction: ASSUMPTION OF FACT NOT PROVED.** An instruction is erroneous which assumes an allegation, not established by the evidence, to be true.

*Appeal from Marshall District Court.*

FRIDAY, APRIL 19.

ACTION for damages for breach of an alleged oral contract. The defendant denies the contract. The contract, if any, was made between the defendant and one Weeks. Weeks assigned his claim for damages to the plaintiff, York. The circumstances under which the alleged contract was made are as

follows: Weeks bought one hundred and sixty acres of land of the plaintiff, York, and gave him three promissory notes, one for five hundred dollars, one for one thousand dollars, and a third for five hundred dollars. York indorsed the first two notes to one Boardman, and the third to the defendant, Wallace, who indorsed it to Boardman. York, therefore, became liable as indorser upon all the notes, and Wallace upon one of them. The notes were secured by mortgage upon the land purchased. Boardman foreclosed, obtaining judgment against Weeks and York for the whole amount, and against Wallace for the amount of the note indorsed by him. An execution was issued in pursuance of the decree of foreclosure, and the mortgaged premises were sold subject to redemption. The contract, if any, was made just prior to the issuance of execution. It is set out in the petition in the following words:

"Defendant (Wallace) agreed that, in consideration that Weeks would file an election to have said mortgaged premises sold subject to redemption, he, said Wallace, would redeem the same from sheriff's sale, and pay off and satisfy the judgment, and thereby relieve the said Weeks from the obligation of said judgment, and hold him harmless on account thereof."

Weeks filed an election to have the land sold subject to redemption. It was bid in by Boardman, the execution creditor, for one thousand dollars, being less than one-half the debt. Wallace did not redeem, but purchased of Boardman the certificate of redemption and balance of judgment, acquired a sheriff's deed, and collected the balance of the judgment from York. York then purchased of Weeks his claim for damages against Wallace, and he brings this action to recover the same. There was a trial by jury, and verdict and judgment for the plaintiff for one thousand three hundred and thirty-eight dollars and fourteen cents. Defendant appeals.

*Boardman & Williams,* for appellant.

*Henderson & Merriam* and *Caswell & Meeker,* for appellee.

York v. Wallace.

ADAMS, J.—The defendant assigns as error the giving of an instruction which is in these words: "If the jury find from the evidence that the defendant Wallace made an oral contract with H. M. Weeks, that the said Weeks should file his election to redeem the land described in the petition, and that, upon Weeks so doing, Wallace would assume and pay off the judgment against Weeks, and take the land, and that by the terms of the contract the same was to be performed within one year, and that the said Weeks filed said election in performance of his part of the contract, and you further find that the defendant failed to perform his part of the contract, that is, failed to pay off the judgment against said Weeks, and you further find that Weeks has duly assigned to plaintiff his right of action : if you find these facts the plaintiff is entitled to recover."

*1. CONTRACT: evidence: variance.*

The defendant insists that there was no evidence tending to prove such contract as is described in the petition and in the instruction. To prove the contract the plaintiff called Weeks, who testified in these words: "In the spring of 1871, the defendant and an old gentleman came to have me elect to redeem the land. I told him that I did not wish to—did not feel able, did not expect to, and would rather have it sold subject to appraisement, thinking that more would be realized, and having no other means to pay the claim. They went on to state that I could have the use of the place one year, and I said I wanted nothing to do with the farm if I could only get clear of the judgment, and I proposed to give immediate possession if he would assume the debt *in place of having the farm sold subject to redemption,* and he said he would do so." The contract, as shown in evidence, it will be seen is different from that declared on. As shown in evidence, the consideration of the defendant's promise was the 'farm itself, with the immediate right of possession. As shown in the petition, the consideration was merely the filing an election by Weeks to have the land sold subject to redemption. As shown in evi-

dence, it appears to have been provided that the land should not be sold subject to redemption.

The evidence, therefore, does not establish the contract declared on, but shows terms inconsistent with it. The instruction assumed that the jury might find from the evidence that the contract had been established, and in this we think that the instruction was erroneous. Some confusion seems to have arisen by an attempt to show a contract made later, and by letter. Weeks testified that, after the oral contract was made, he received from the defendant a letter (which he has since lost), in which defendant requested that Weeks should file an election for redemption, and stated that defendant would see that the judgment was paid. This letter to Weeks seems to be relied upon by plaintiff, and yet it is evident that it cannot be, properly. In the first place, the plaintiff declares upon an oral contract, and proves an oral contract previously made. In the second place, it does not appear that Weeks notified defendant that he would assent to the defendant's proposition as contained in the letter. Indeed, it appears that not a word, by letter or otherwise, passed between Weeks and the defendant until long after the execution sale, and the expiration of the time of redemption.

An interesting question has been presented by counsel in regard to the nature of the consideration of the defendant's promise as averred in the plaintiff's petition.

It is insisted by the defendant that the filing of an election for redemption cannot be regarded, in contemplation of law, as suffering a disadvantage, and so would not constitute a sufficient consideration for the defendant's promise. With the view we have taken of the case, it is unnecessary to determine this question. The oral contract testified to by Weeks excluded such consideration, and set up a different one, to-wit: an agreement to grant the farm. Had the averment been such as to admit evidence of an agreement to grant the farm, the defendant contends that the evidence offered was

fatally defective in that it was not in writing, and this posi-, tion, we think, is well taken. The plaintiff contends that the filing of an election for redemption was a part performance. In our opinion it could not have that effect. It was not a part of the contract, so far as shown in evidence, and what was done does not appear to have been done with reference to it. *Sweeney v. O'Hora*, 43 Iowa, 36. We are aware that Weeks reiterates that he would not have filed an election but for the contract. But the contract, as testified to by him as made prior to the receipt of the letter, was designed to obviate the necessity of a sale, and, of course, the necessity of filing an election for redemption.

We think that the judgment of the District Court must be

REVERSED.