HENRY LEONARD, Claimant, Appellant, v. BRIDGET LEON-
ARD, Admrx. of the Estate of J. W. Leonard, deceased,
Appellee.

Estates of decedents:  CLAIMS:  PROOF.  One who pleads an express
written agreement as the basis of a claim against an estate
cannot recover upon proof of an oral agreement.

*Appeal from Fayette District Court.*— HON. A. N. HOBSON,
Judge.

THURSDAY, APRIL 11, 1907.

PROCEEDINGS to establish a claim against the estate of
J. W. Leonard, deceased.  From an order disallowing the
claim, plaintiff appeals.— *Affirmed.*

*Charles E. Ransier,* for appellant.

*W. B. Ingersoll,* for appellee.

DEEMER, J.— The case involves nothing but a question
of fact; the rules of law applicable thereto being well settled
and equally well understood.  Plaintiff filed a claim against
the estate of J. W. Leonard, deceased, in which he alleged
that said Leonard, in consideration of the transfer of a cer-
tain tract of land to him by one Matthew Leonard, also de-
ceased, agreed to pay plaintiff when he should arrive at the
age of forty years the sum of $400; and that this agreement
was in writing signed by said James W. Leonard.  This
claim was denied by operation of law.  There was, perhaps,
enough testimony to show that James W. Leonard at one
time received a deed from Matthew Leonard for certain
lands, and that, as part of the consideration therefor, he

(James W.) agreed to pay Henry something like $400. This agreement was either in the form of a note or contract, but was never delivered to Henry, and was afterward destroyed. Thereafter new papers were drawn, but it is not sufficiently shown that any written agreement was made, or, if made, that it was ever delivered so as to become effective. As plaintiff is relying upon an express agreement, he must prove it, and this, as we think, he has failed to do. Having pleaded an express written agreement, he cannot recover upon proof of an oral one. This is fundamental doctrine, needing no citation of authority in its support. At most, there is a mere inference of a parol agreement with reference to the payment of some money in consideration for a deed to the land, and this is not sufficient to justify a recovery under the allegations made in support of the claim.

The judgment of the district court seems to be correct, and it is *affirmed*.