MRS. RAY BIGGS, Appellee, v. W. B. CARTER, Appellant.

**BILLS AND NOTES:** Bona Fide Purchaser—Presumption. **One** 1 who has possession of a note under indorsement to him is presumed to be a holder in good faith and without notice, until evidence appears that in some manner taints the note or shows that it was wrongfully put into circulation.

**CONVERSION:** Nature and Grounds of—Purchase of Property not 2 Paid For. One who purchases property may not be charged with conversion simply because his vendor has not paid therefor.

**PLEADING:** Issue, Proof and Variance—Evidence to Conform to 3 Pleading. One may not base his claim for a recovery against defendant on the plea that he had *loaned* certain property to another, and that such other had wrongfully sold the property to defendant, who converted the same to his own use, and subsequently claim a recovery on the theory that, even though he had *sold* the property to such other person, the defendant was liable because such other person had not paid plaintiff.

**APPEAL AND ERROR:** Review—Exclusion of Testimony—Neces-4 sity to Show Prejudice. Error may not be predicated on the exclusion of testimony, unless the record, in some affirmative manner, shows the *nature* and *effect* thereof.

**WITNESSES:** Competency—Transaction With Deceased—Assignee 5 of Deceased. An assignee of a note, plaintiff in an action against the maker thereof, is a competent witness to personal transactions with the deceased payee of the note.

*Appeal from Woodbury District Court.*—W. G. SEARS,
Judge.

WEDNESDAY, FEBRUARY 14, 1917.

ACTION on promissory note. Opinion states the facts.
Both parties appeal. *Affirmed* on defendant's appeal.
*Modified and remanded* on plaintiff's appeal.

*C. N. Jepson* and *J. F. Stecker,* for appellant.

*C. R. Jones,* for appellee.

1. BILLS AND
NOTES : bona
fide purchaser :
presumption.

GAYNOR, C. J.—Plaintiff brings this ac-
tion upon a certain written instrument, in
words and figures as follows:

"$400. .                    Sioux City, Iowa, July 19, 1913.

"On demand, after date hereof, for value received, I
promise to pay Mrs. Flora Freeman, or order, four hundred
dollars, with interest thereon at the rate of eight per cent
per annum, payable annually from date."

There are other provisions in the note which are not
material to this controversy. On the back of the note was
endorsed, "Pay to the order of Mrs. Ray Biggs," signed
"Mrs. Flora Freeman." Plaintiff alleges that she is the
owner of said note, and that she made demand for payment
and was refused. She asks judgment for $400, with interest.

Defendant's answer was divided into three counts. In
the first count he admitted the execution of the note; de-
nied that it had been endorsed to the plaintiff and denied
she was the owner of it; denied that the endorsement on
the back was made by Mrs. Flora Freeman; denied that
plaintiff is a bona fide owner of said note in due course;
and denied that there was any consideration for the trans-
fer of the note, or its endorsement to the plaintiff. In
Count 2, the defendant alleged that, prior to the execution
of the note, he delivered to Mrs. Flora Freeman, the payee

in the note, a pair of diamond earrings of the value of $200; that, at the time they were delivered to her, it was understood and agreed that they were to be returned to the defendant; that they were never returned; and that thereafter they were taken by the plaintiff and wrongfully converted to her own use. There are further allegations, to the effect that, before the death of Mrs. Freeman, she endorsed the note in suit to one E. P. App, and turned over to him the diamond earrings; that App presented the note to defendant for payment; that defendant agreed to pay the note, but demanded the return of the earrings, or their value; that App agreed with the plaintiff that he would return the earrings at the time of the payment of the note by the defendant; that these earrings are now in the possession of the plaintiff, and he asks that the value of said earrings be offset against the note.

In the third count of the answer, defendant recapitulates the matters set out in the second count, and says that he is the owner of the pair of earrings therein referred to; that the plaintiff, on or about the 1st of May, 1903, wrongfully took and converted the same to her own use and benefit, and has refused, and still refuses, to return the same to the defendant, or to account to him for their value.

Plaintiff, for reply, denies the matters alleged in the counterclaim, and states that she had no knowledge or information as to any agreement between the defendant and Mrs. Flora Freeman touching the diamond earrings referred to in defendant's answer; denies that she ever had in her possession any pair of diamond earrings, the property of this defendant, or that she wrongfully took and converted any property of this defendant to her own use.

Upon the issues thus tendered, the cause was tried to a jury, and a verdict returned for the plaintiff for the face of the note, without allowing any interest thereon. Both

parties appeal.   Defendant, having appealed first, will be
treated as appellant in this cause.

The defendant first complains that the court erred in
giving Paragraph 4 of its instructions, for the reason that
it is assumptive, and in effect directs a verdict for the
appellee.  The instruction complained of treated only of
plaintiff's right to recover upon the note, and told the jury
that the undisputed evidence and the admissions of the
plaintiff showed that Carter executed and delivered the
note to Mrs. Flora Freeman; that thereafter the note was
endorsed by Mrs. Freeman to the plaintiff; that the plaintiff
is now the owner and holder thereof, and is entitled to judg-
ment against the defendant for the amount due upon the
note, with interest, as provided in the note, unless the de-
fendant is entitled to an offset against that sum on account
of the allegations set out in the counterclaim.   This instruc-
tion was clearly correct.   The defendant admitted the exe-
cution of the note.   The note was in the possession of the
plaintiff, bearing upon the back of it the endorsement of the
payee, as follows: "Pay to the order of Mrs. Ray Biggs."
The testimony of the plaintiff showed that this endorsement
was made by Mrs. Flora Freeman, and the note delivered
to plaintiff.   The delivery of the note was also proven by
another witness.   The endorsement on the back of the note
was proven to be in the handwriting of Mrs. Freeman.   The
note was in the possession of the plaintiff at the time the
suit was commenced, and was produced by her upon the
trial.   The record presented no question of fact for the
jury upon this issue.

As said in *Cox v. Cline*, 139 Iowa 128:

"The mere possession of the note by the plaintiff raises
a presumption, without other evidence, that he is a holder
in good faith, and it is not until it has been shown by
appropriate evidence that the instrument was procured and
put in circulation by fraud, that any burden is cast upon

him to explain his possession, and give affirmative evidence
that he acquired title in due course of business and without
notice of the fraud."

This note was not tainted by fraud in its inception,
nor is there any pretense in the evidence that it was fraud-
ulently put into circulation. Until there is some evidence
which taints the note, or shows that it was wrongfully put
into circulation, there is no obligation on the plaintiff to
assume the burden of showing that he is a holder in good
faith and without notice.

There is some evidence in the record that, prior to the
time it was negotiated to the plaintiff by Mrs. Freeman,
there was an endorsement on the back of the note, "Pay to
the order of E. P. App." The evidence does not show that
this endorsement was put on there by authority of Mrs. Free-
man, nor does it show that the endorsement was in her
handwriting. In fact, it does not show by whom this en-
dorsement was placed on the back of this note. It appears
that, prior to the time it passed into the hands of the
plaintiff, it was in the possession of App. There is no evi-
dence how App got possession of it, or why he had pos-
session of it. There is no evidence that Mrs. Freeman de-
livered it to him, or authorized it to be delivered to him.

Criss, who at one time had possession of this note as
bailee for Mrs. Freeman, testified that Mrs. Freeman de-
livered the note to him for safe keeping, with other prop-
erty; that she gave it to him for safe keeping only; that
she never told him to turn it over to any person, and he
does not know by what authority App had possession.
Criss testifies:

"When Mrs. Freeman first turned the property over to
me, she said she wanted me to keep it for her. She after-
wards told me to turn it over to Mrs. Biggs. (This prop-
erty included the note in suit.) She never told me to turn
it over to any other person, or any portion of it; that if I

turned the Carter note over to Mr. App, I did it without any direction."

It appears that this note, after it was seen in the possession of App, came back into the possession of Mrs. Freeman; that she erased the endorsement to App, and endorsed it over to this plaintiff and delivered it to her. App was not a witness in this case, and his possession of the note is not explained.

There was no error in the court's directing the jury, under the record here made, that the plaintiff was entitled to recover the full amount of the note, less any amount which they should allow defendant on his counterclaim.

2. CONVERSION: nature and grounds of: purchase of property not paid for.

It is next contended that the court erred in giving the sixth paragraph of its instruction. This paragraph said, in substance:

"If you find that the defendant did not loan to Mrs. Freeman the pair of diamond earrings in controversy, but that he sold and delivered the same to her, and that she was to pay for them at a later date, then you will consider that, upon the sale and delivery to her of the earrings, she (Mrs. Freeman) became the absolute and unqualified owner of them, and could dispose of them in any manner she chose, and pass title thereto, and said *title* would not be subject to any claim that the defendant might hold against same."

That is, that, the title having passed to Mrs. Freeman, and she having passed it to the plaintiff, there was no conversion on the part of the plaintiff for which the defendant could hold the plaintiff in this suit. This is clearly right, under the issues tendered. The theory of the defendant was that he had loaned the earrings to Mrs. Freeman; that Mrs. Freeman agreed to return them; that she failed to do so; that the earrings remained the property of the defendant;

and that plaintiff wrongfully converted them. If Mrs. Freeman purchased the earrings, she became the owner, and, as such, could pass title to the plaintiff. The title so passed would not be affected by the fact that Mrs. Freeman had not paid for them, and plaintiff could not be charged as for conversion.

The answer presented the theory that there was a wrongful conversion of the earrings by the plaintiff. Defendant asked that this value be offset against plaintiff's claim.

The second count was based upon the same theory of a conversion by the plaintiff. It asks the fair and reasonable value of the earrings so converted by the plaintiff. Both counts are based on the alleged wrongful act of the plaintiff in converting the earrings, on the theory that defendant was the owner.

The fifth instruction presented to the jury the thought that, if the defendant loaned the diamond earrings to Mrs. Freeman, with an oral understanding that the same should be returned to him on demand, then Mrs. Freeman acquired no title to the property, and if she turned them over to the plaintiff, the plaintiff acquired no title, and if she refused to return them on demand, she was guilty of conversion, and, in that event, the defendant would be entitled to offset against the amount due upon the note, the value of the earrings so converted. The defendant undertook to offset the value of the earrings, on the theory that he had loaned them to Mrs. Freeman; that they were his earrings; that the plaintiff wrongfully converted them. On this claim he must stand or fall.

3. PLEADING: issue, proof and variance: evidence to conform to pleading.
The theory now upon which it is claimed that the court erred in this instruction is not one presented by the pleading. The theory now is that, even if he did not loan the

earrings to Mrs. Freeman, but sold them outright. to Mrs. Freeman, and Mrs. Freeman passed them on to the plaintiff, the plaintiff is liable as for a wrongful conversion, simply because they were not paid for. This theory cannot be tortured out of the pleading, and would not be sound if it could. The court was justified in following the pleading, and submitting the case to the jury. The jury was justified in rejecting defendant's theory. There was evidence tending to show a loan, and evidence tending to show a sale.

The sixth instruction differentiated the rights of the defendant in the event that he loaned the earrings to Mrs. Freeman, and the rights of the defendant in the property in the event that he sold them to Mrs. Freeman. In one case, he would retain title to the property; in the other, the title would pass to Mrs. Freeman. In one case, there might be a conversion and liability; in the other, there could not. One cannot be said to have wrongfully converted property purchased by him from the owner simply because the property had not been paid for.

4. Appeal and error: review: exclusion of testimony: necessity to show prejudice.

The third complaint is of. the action of the court in refusing evidence offered by the defendant. The. record does not disclose what the effect would have been if it had been permitted to go into the record. There is nothing in the record to indicate that it would be favorable to appellant. Further than that, the rejected. evidence called for conversations between App and defendant. It is true that it is claimed that these conversations occurred at the time when App had the note in his possession, and called for a disclosure of some arrangement made between App and the defendant touching the payment of the note. We are not able to say affirmatively from this record that any error was committed in the rejection of this testimony,

without some disclosure as to what that evidence would be if admitted.

See *Arnold v. Livingstone,* 155 Iowa 601, in which it is said:

"There is nothing in any of the questions which brings before us the particular matter attempted to be proved. * * * We have repeatedly held that we will not reverse a case upon such rulings as are here shown, unless it be made to appear, in some manner, what the answer of the witness would have been."

Distinguishing this rule, see *American Express Company v. Des Moines National Bank,* 177 Iowa 478.

There are other complaints, but they are disposed of in what we have already said.

It may be said here that the plaintiff 5. WITNESSES: competency: transaction with deceased: assignee of deceased. was a proper witness in her own behalf, and could testify to personal transactions between herself and the deceased. Such testimony would not be in violation of the provisions of Section 4604 of the Code of 1897, for the reason that the action is not against her executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor. We find no reversible error in the record, and the cause is *affirmed* on defendant's appeal.

On plaintiff's appeal, we are of the opinion that plaintiff's motion to have the verdict amended so as to include interest provided for in the note, should have been sustained, and on plaintiff's appeal the cause is remanded, with directions to the court to add the interest provided for in the note to the amount of the verdict, and to enter judgment accordingly. *Modified and remanded* on plaintiff's appeal.

LADD, EVANS and SALINGER, JJ., concur.