ECONOMY HOG & CATTLE POWDER COMPANY, Appellee, v. W. A. HONETT, Appellant.

No. 43427.

JANUARY 12, 1937.

REHEARING DENIED APRIL 9, 1937.

C. R. Barnes and James A. Howard, for appellee.

Ferguson & Ferguson, for appellant.

KINTZINGER, J.—Plaintiff claims of defendant the sum of $3,799 for moneys overdrawn by him while in plaintiff's employ

as branch manager of plaintiff's agency at Fort Wayne, Indiana, for a number of years prior to October, 1931.

In division I of his answer to plaintiff's petition, defendant admits that he was in plaintiff's employ a number of years prior to October, 1931, but denies each and every allegation therein contained.

The issues presented in plaintiff's original petition and in division I of defendant's answer thereto are not determined or considered in this branch of the case.

In division II of his answer as amended, the defendant, as an offset, pleads a counterclaim and the right to an accounting thereunder. In his counterclaim, defendant alleges that he entered into an oral contract with plaintiff in January, 1922, under which he was employed as branch manager of plaintiff's business at Fort Wayne, Indiana, until September, 1931, on the following terms:

(1) He was to receive an annual guaranteed salary of $3,-000 per year, payable $250 per month, to be considered an operating expense of the Fort Wayne branch.

(2) In addition thereto, he was to receive one-half the net profits of that branch over and above $3,000 per year.

(3) The Fort Wayne branch was to be charged with all goods furnished from the home office at cost, f. o. b. Shenandoah, Iowa; that defendant believes plaintiff charged him more than cost of the material received at the Fort Wayne branch, and he, therefore, asks for an accounting.

(4) Profits were to be figured yearly.

This contract was not limited as to time. Defendant alleges that plaintiff is indebted to defendant under said contract for more than the amount claimed by plaintiff.

Plaintiff, in its reply to division II of defendant's answer and counterclaim, alleges substantially as follows:

It denies each and every allegation of the counterclaim, except that defendant was employed as manager at Fort Wayne, and specifically denies entering into the oral contract therein pleaded; and expressly denies the right of the defendant to an accounting.

In its reply as amended, plaintiff alleges that it entered into a contract with the defendant for his services as manager of the Fort Wayne branch, but denies that the terms of the contract for such services were those contended in division II of defend-

896

ant's answer and counterclaim, but states that the compensation for defendant's services was to be one-half of the profits of the business of that branch, and states that defendant was to receive a guaranteed salary of $250 per month, or $3,000 per year, which amount was to be taken out of the defendant's share of the profits of the Fort Wayne branch, and charged against his share thereof.

As other separate defenses to defendant's counterclaim, plaintiff alleges, (1) that all of defendant's claims occurring prior to October 25, 1924, are barred by the statute of limitations; (2) that all claims of defendant up to January, 1925, were settled; (3) that defendant had full knowledge of the terms of the contract as contended for by plaintiff, acquiesced therein from 1925 until 1931, and is now estopped from claiming under the contract alleged in division II of his answer.

Plaintiff also alleges that during the period of defendant's employment, he received $250 each month; that plaintiff has fully performed its contract, and defendant has been fully paid.

For further reply, plaintiff alleges that a controversy arose between the parties hereto as to the terms of the contract prior to April 24, 1924, and that the terms thereof were fully explained by plaintiff to the defendant by a letter on that date, and that thereafter defendant acquiesced therein, and is now estopped from claiming any different construction of the contract.

Defendant, in answer to plaintiff's reply, denies all allegations therein contained. After hearing all evidence, the lower court found in favor of plaintiff on the issues presented, and defendant appeals.

On January 22, 1936, when the case was called for trial, the attorney for defendant said:

"I would like to have leave of court to amend our counterclaim and the right to an accounting by alleging substantially that the defendant * * * is unable to properly defend the account sued on by the plaintiff in this case without inspection of the books and records of plaintiff company, and without an accounting."

The court then said:

"Go ahead, let's determine the question whether or not you are entitled to an accounting. * * * I understand the only thing I am going to try is whether or not the defendant is entitled to

an accounting, as raised by your counterclaim and amendments thereto, and just confine your evidence to that.''

The only matters presented to the court at this hearing, therefore, related to the issues presented by division II of defendant's answer, and plaintiff's reply thereto, that is, whether or not the contract alleged in division II of defendant's answer and counterclaim was established, and whether or not there was a breach thereof.

Prior to the commencement of the hearing, this case had already been transferred to equity on motion of the defendant, and this hearing was tried as an equitable proceeding.

After the introduction of its testimony in chief, defendant rested. Thereupon the plaintiff moved to dismiss defendant's counterclaim because,

(1) The defendant failed to prove the contract alleged;

(2) That defendant failed to show a breach thereof as alleged, as to the price of goods furnished.

No ruling was made on the motion, but the court said:

''Go ahead. Put your testimony in. You will have to make the whole record.''

Plaintiff excepts.

The defendant then asked and was granted permission to reopen the case for certain purposes. Thereupon the plaintiff introduced its testimony in denial of defendant's counterclaim.

I. Defendant contends that the court erred in considering all of the testimony offered by plaintiff because of its motion to dismiss after the close of defendant's evidence, and contends that the case should have been determined solely upon defendant's evidence after he first rested. The court, however, recognizing the well-known rules of practice in equity cases, directed the plaintiff's counsel to ''go ahead and make up the whole record,'' which plaintiff then proceeded to do by introducing its testimony in contradiction of defendant's evidence of the contract alleged in its counterclaim.

The issue presented was whether or not the contract was established as claimed by defendant. If that contract was not established, there was nothing upon which an accounting could be had.

If the court, in determining the issues, was limited to a con-

sideration only of the testimony offered by the defendant at the time plaintiff made its first motion to dismiss, the court might well have found that the contract contended for by defendant was entered into; but this being an equity case, the court made no ruling upon plaintiff's motion to dismiss, but directed plaintiff to proceed with its evidence.

At the close of plaintiff's evidence, defendant introduced further evidence in rebuttal, and again rested.

Thereupon at the close of all the evidence, plaintiff made another motion to dismiss defendant's case upon the ground, among others, that the defendant had failed to establish his contract as alleged, or a breach thereof, and subject to such motion, moved the court to render judgment against the defendant on the evidence offered in this case. Thereafter the court entered a decree in which it stated:

"The issues presented by plaintiff's petition, and division I of the defendant's answer herein are not considered by the court, and the right of the plaintiff to recover against the defendant on the issues there presented is not passed upon, and the court retains jurisdiction of the same for a later trial.

"The * * * cause, with such exception, was tried to the court on the merits, and fully submitted to the court, with an agreement that the court * * * take the same under advisement, and * * * enter a decree * * * during vacation or any later term of court."

■■■ This being an equity case, we are required to try it de novo and on its merits, as it may appear from the whole record before us. Coen & Conway v. Scott Sav. Bank, 205 Iowa 483, 218 N. W. 325, 326.

In that case, this court speaking through Justice Evans, said, loc. cit. 486:

"It is argued for appellant that, in such a case, we must accept the testimony of the plaintiff in the most favorable light which can be given to it. If the case were at law, and on trial before a jury, this contention would be correct. As applied to an equity case, it is not correct. * * * The practice in the district court of presenting a motion to dismiss plaintiff's case at the close of his evidence is not to be commended in an equity case, * * *. In obtaining a favorable ruling in such a case, the de-

fendant closes the door upon himself against the introduction of further evidence. If we should disagree, on appeal, with the ruling of the district court on the motion, our finding would have to be final, and the defendant might find himself defeated for want of producing the evidence that might have saved him. The appellant is entitled to whatever advantage might inure to it by the operation of this rule, and it has devoted earnest argument to that end. Even so, we are required to try the case de novo here, and on its merits as they appear from the actual record before us. [Citing cases.]''

This being an equitable proceeding, we find no error with the court's action in considering the entire record in determining the case.

II. The matter for consideration here relates to the issues presented by division II of defendant's answer and counterclaim and plaintiff's reply thereto, and is principally based. upon the right of the defendant to an accounting.

In division II, defendant says:

''As shown by counterclaim filed herewith, the defendant herein believes, and therefore alleges the fact to be, that the plaintiff herein is indebted to him in a sum far in excess of the amount claimed in plaintiff's petition, and that, therefore, the claim relied upon by the plaintiff * * * has been fully paid and satisfied.''

The case was tried on its merits on the issues presented in division II of defendant's answer and plaintiff's reply thereto.

The burden of establishing the contract relied upon by defendant is upon him. The question here presented is purely one of fact, with the burden of proof resting upon the defendant. If the defendant has failed to establish the existence of an oral contract under which he was to receive a guaranteed salary of $3,000 a year and in addition thereto one-half of the profits of the Fort Wayne branch, over and above said guaranteed salary, then he has failed to establish his counterclaim and is not entitled to an accounting.

A contract relied upon must be established as plead. Kinkead v. McCormack Harvesting Co., 106 Iowa 222, 76 N. W. 663; Biggs v. Carter, 179 Iowa 284, 161 N. W. 322.

Where there is a variance between the contract alleged and

the proof, the variance is fatal to a recovery thereon. York v. Wallace, 48 Iowa 305; Duncan v. Gray, 108 Iowa 599, 79 N. W. 362; Hunt v. Tuttle, 125 Iowa 676, 101 N. W. 509; Leonard v. Leonard, 134 Iowa 131, 111 N. W. 409; Hankins v. Young, 174 Iowa 383, 156 N. W. 380; Lamis v. Des Moines Elev. & Grain Co., 210 Iowa 1069, 229 N. W. 756.

A party cannot sue on one contract and recover on another. Beebe v. Brown, 4 G. Greene 406; Fauble v. Davis, 48 Iowa 462.

Upon this question, this court, in Lamis v. Des Moines Elev. & Grain Co., 210 Iowa 1069, loc. cit. 1075, 229 N. W. 756, 758, speaking through Justice Evans said:

"We reach the conclusion, therefore, that the letter and the memorandum * * * sent by the defendant and received by the plaintiff following the telephone conversation must be deemed written evidence of the contract between them. Therefore the plaintiff was not entitled to recover upon the purported oral contract sued on. Inasmuch as the plaintiff predicated his cause of action solely upon the purported oral contract, it leaves nothing further for us to consider. The plaintiff claims nothing under the written contract, and tenders no issue thereon. We have no occasion, therefore, to consider whether there was any breach of that contract or breach of any duty of care in the performance thereof."

The burden rested upon the defendant under his counterclaim to establish both the contract as alleged and a breach thereof. One of the terms of the contract as pleaded was that the goods handled at the Fort Wayne branch were to be billed to the defendant at cost, f. o. b. Shenandoah, Iowa.

(1) The first question for consideration under the evidence is whether or not the terms of the contract pleaded by the defendant were established. It is conceded that whatever contract was entered into was oral, and was entered into between Mr. James J. Doty, acting for the plaintiff company, and the defendant. The defendant's evidence as to the nature of the contract is based chiefly upon his own testimony and some financial statements.

Mr. Doty, the president and general manager of the plaintiff company, emphatically denies entering into the contract as contended for by defendant, but says that he told Honett, defendant herein, when the contract was entered into,

"That he would be guaranteed * * * regardless of profit and loss, a drawing account of $250 per month, * * * and when the profits accrued so that he might get a dividend, it would be over and above $3,000; that is, we were to get our $3,000 as against the $3,000 he had drawn, and if it happened to be more than $6,000 there would be a division over and above that amount."

Doty further says that Honett asked him if he, Honett, was

"sure to get this $250 per month? I said sure * * *. Mr. Honett said: 'Well, I would be a fool then not to take this proposition because I am guaranteed that much under your proposition as a drawing account; I can't lose, and I will take the proposition.' "

On April 24, 1924, Mr. Doty, the president of the plaintiff company, sent a letter to the defendant at Fort Wayne, in which he said:

"In going over the audit of the books, it seems * * * there is a little confusion relative to the way you are working.

"My proposition to you was, * * * that you were to get the goods at cost and have half the profits. And of course we should guarantee you the $250 per month. But if the profits were seven thousand dollars you would get five hundred at the end of the year and we were to get the thirty-five hundred. That would give you thirty-five hundred and us thirty-five hundred. * * *

"Will you kindly write me relative to this matter, because I do not want any misunderstanding or to have you think that we are trying to take advantage of you in any sense."

Plaintiff received no reply to this letter, but Mr. Doty and Mr. Honett had a conversation in relation to it in the summer of 1924, wherein Doty testifies that he

"Told him that the original agreement was as my letter outlined; that he was to get his $250 whether he made money or not out of that office, but when * * * his half of the profits went over * * * $3,000, that he was to get the difference. He argued somewhat, stating that he did not quite understand. I told him that: 'you understand it now, do you not, Walter, * * *.' He said yes. * * * 'Well,' I said, 'I made it as clear to you as I could,' but I said 'Walter, there is one thing sure, *if you don't*

*want to accept that proposition, this contract or agreement is finished right here and now.'* He said, all right, you are the boss. What you say goes.''

The matter was again discussed in the company's office at Shenandoah in the presence of two or more members of the company who also corroborated Mr. Doty as to certain credits. A settlement was then agreed on. In that conversation Doty said to the defendant:

''I want to know where we are at, and work out a definite settlement, because I don't want any more controversies.''

Without setting out the testimony in further detail, it is our conclusion that the defendant has failed to establish the contract as alleged in his counterclaim by the preponderance of the evidence. On the contrary, it is our finding from the evidence that the contract entered into between plaintiff and defendant in 1922 was in terms as claimed by the plaintiff, and provided that the defendant was to have a guaranteed salary of $250 per month which was to come out of defendant's share of the profits of the Fort Wayne branch.

It is also our finding from the evidence that the parties in 1928 had a full and complete settlement and adjustment of defendant's claim for compensation at that time.

Many financial statements and records have been introduced in evidence. We deem it unnecessary to set them out in detail. We have given same careful consideration, and it is our finding therefrom and from all evidence introduced that the defendant has been fully paid for all services performed under the contract hereinabove found to have been entered into as contended by plaintiff. It is, therefore, our conclusion that there is now nothing due or owing him on his counterclaim.

(2) Conceding that the goods shipped to the defendant at Fort Wayne were to be billed at cost, it is our finding that the stipulated price at which they were billed was the cost price. The evidence shows that during the entire period of his employment, defendant received the goods at the prices at which they were billed, without objection. If such was the agreement, there is no testimony tending to show that the prices at which the goods were billed were any more than the cost of their production.

The lower court said:

"It is further ordered, adjudged and decreed, that division II of the answer of defendant, being the pleading of an offset depending upon defendant's success in establishing his right to an accounting under his counterclaim is hereby dismissed with prejudice, and adjudicated in favor of the plaintiff. This, however, is not intended to prevent the defendant from pleading any other affirmative defenses which he may have to plaintiff's petition, but only adjudicates the claim of payment by the matters involved in defendant's counterclaim or payment by services rendered, and his right to an accounting."

We are constrained to find from the evidence in this case that the contract pleaded by defendant has not been established, and that no breach thereof has been shown. Such were the findings of the lower court, and we find its judgment to be correct.

Other matters are alleged in support of other contentions made by both parties hereto, but in view of the conclusion hereinabove reached, a consideration of them is deemed immaterial.

For the reasons hereinabove expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

RICHARDS, C. J., and PARSONS, HAMILTON, MITCHELL, DONEGAN, and STIGER, JJ., concur.