Economy Hog & Cattle Powder Company, Plaintiff, Appellant,
v. W. A. Honett, Defendant, Appellee.

No. 45169.

June 18, 1940.

C. R. Barnes, for appellant.

Ferguson & Ferguson, for appellee.

Mitchell, J.—In May of 1932, the plaintiff filed its petition praying for judgment against the defendant in the amount of $3,799.04, alleging that the defendant, while in the employ of plaintiff company, had overdrawn that amount. There was a motion for a more specific statement, and an amendment to the petition was filed, setting forth what is designated as "A Statement of Debits and Credits between the Plaintiff and Defendant". The defendant then filed answer and counter-

claim, alleging that plaintiff was indebted to the defendant and asked for an accounting. By agreement of parties the whole case was transferred to Equity. Later the court ordered that the right to an accounting on the part of the defendant should first be tried. Plaintiff by way of answer to the defendant's counterclaim pleaded that there had been a settlement between the parties in 1928, and each year thereafter to 1931, when the defendant resigned. The lower court held with the plaintiff and dismissed the defendant's counterclaim with prejudice. The defendant appealed to this court, which affirmed the lower court, Economy Hog & Cattle Powder Co. v. Honett, 222 Iowa 894, 270 N. W. 842.

The case at bar involves the right of the plaintiff to recover on the original petition. The defendant by amendment to his answer, sets out that part of the answer of the plaintiff to the defendant counterclaim as follows:

"1. That at the end of each year the accounts between plaintiff and defendant were settled and adjusted and agreed upon as shown by the statement attached to plaintiff's amendment to his petition, and at the end of each year became an account stated, fully settled and determined by the parties."

Defendant now pleads that the plaintiff is estopped from claiming that there has not been a settlement between the parties. Defendant further pleads the statute of limitations and denies that he is indebted to the plaintiff in any amount and prays that the petition be dismissed and for costs.

There was a trial at which evidence was offered and the lower court dismissed the plaintiff's petition, and it has appealed.

The Economy Hog and Cattle Powder Company is engaged in the manufacture and sale of various stock foods, with its principal place of business at Shenandoah, Iowa. It operated a branch office at Fort Wayne, Indiana, and in 1912, W. A. Honett was employed by the Economy Company to take charge of this branch. The salary he was to receive was changed from time to time, and there is a dispute as to the exact amount. In January of 1922, the agreement was changed and Honett

was to receive a drawing account of $250 a month, which he could keep, and one half of the profits. Part of the time Honett kept the books at the Fort Wayne branch, making entries in his own account; part of the time the books were kept by others. The agreements as to salary and commission were oral and disputes arose between Honett and the company as to what he was to receive. There followed the settlement which the appellant pleaded successfully to the counterclaim in the former case.

Whether that settlement is a good defense in this case or not we do not find it necessary to pass upon.

It is agreed that the question that confronts us is simply one of fact. The burden was upon the appellant, to prove the allegations of its petition. The company attempts to do this by the testimony of the appellee, Mr. Honett, whom they called as a witness. The account covers a long period of time from 1914 to 1931, a period of 17 years. During this period, Honett made some entries in his account, kept by the company at the Fort Wayne office, but during the greater part of the time he did not. During the First World War, he was in the army for a period of time. There is a serious dispute as to the salary he was to receive, it was changed at times. In addition he was to receive commissions. The only record produced by the appellant, is the statement from the books from the Fort Wayne office. No possible good could be accomplished by setting out in detail the evidence. The distinguished trial court who tried the case had the witnesses before him, and after listening to the evidence and examining the exhibits came to the conclusion that the appellant had failed to prove its case. After examining the record, we are convinced that the lower court was right. A motion to dismiss was submitted with a case and it is hereby overruled. And it necessarily follows that the judgment must be and it is affirmed.—Affirmed.

SAGER, HALE, OLIVER, MILLER, and BLISS, JJ., concur.