HARRIS & COLE BROTHERS, *Incorporated, Appellee*, v. JOSEPH L. STRICKLER, *Appellant*.

No. 17,373.

### SYLLABUS BY THE COURT.

1. LEASE—*Agency—Authority—Ratification—Evidence*. The au- thority of a person to make representations and promises for another, alleged in an answer, having been denied in a veri- fied reply, and no evidence of such authority having been given or ratification shown, evidence of such representations and promises received under objection was properly stricken out.

2. ——— *Assignment—Liability for Rents*. A lease was as- signed by the lessee to a party who undertook in the assign- ment (which was signed by him as well as by the lessee) to pay rent to the lessee. The assignee afterward assigned the lease to another party. It is held that the obligation of the

first assignee to pay rent to the lessee is not annulled although the lessee collected rent for a time from the last assignee.

Appeal from Montgomery district court.    Opinion filed January 6, 1912.    Affirmed.

*L. P. Brooks,* for the appellant.

*Chester Stevens,* and *Charles D. Welch,* for the appellee.

The opinion of the court was delivered by

BENSON, J.:   This appeal is from a judgment against the appellant for arrears of rent.   A lease upon a lot was made to the appellee for a rental of $135 per month.   The lessor consented in writing that the premises might be sublet subject to all the provisions of the lease, but without releasing the lessee from the obligation to pay the rent.   Several persons who were about to organize a corporation under the name of the Standard Box Company sought a business location in Kansas City, and one of them negotiated with Mr. Harris, a member of the appellee corporation, for an assignment of its lease for use of the company about to be organized.   Thereupon the appellee executed such assignment to Fred H. Brown (the person who had negotiated therefor) and J. L. Strickler, who had (after the negotiations had begun) become associated in the undertaking.   The assignment was made to the persons named because they were interested in organizing the box company, and were found to be responsible.   The instrument so signed was left with W. D. Egoff, to be delivered when signed by the persons so named as assignees therein.   Egoff had been employed by appellee as an agent to find a tenant for the premises, and had brought the parties together.   The appellant, who had taken no part in the negotiations for the lease, went with Brown to Egoff's office, and finding that the instrument had been made to himself

and Brown, instead of the box company as he had sup-
posed, objected to it for that reason, but signed it, as
he testified, upon the statement of Egoff that it had
been made out by Harris to himself and Brown be-
cause the box company had not yet been organized;
that if he (Strickler) would sign it he could assign it
to the company when organized and be relieved from
all liability and responsibility. To which statement
the appellant says he responded that if that would be
the case he would sign it and that he did so upon these
representations of Egoff. This conversation was de-
nied by Egoff, who was a witness in the case.

About thirty days after the lease was made the box
company was organized and the lease was assigned by
the appellant and Brown to that company, which oc-
cupied the premises for about a year. The appellant
paid the rent for the first month, charging it against
the box company. For several months thereafter the
rent was paid through correspondence between appel-
lee and the box company and checks of the latter. The
box company then ceased to pay the rent for four
months and this suit was commenced to collect it.

The agency of Egoff to make the statements and
promises when the lease was transferred, just referred
to, was averred in the answer but was denied in the
reply, which was verified. Such authority was not
shown upon the trial unless it appears from the facts
already stated. After hearing the evidence relating to
the conversation between appellant and Egoff it was
stricken out and judgment rendered for the plaintiff.
This ruling it is alleged is erroneous. It does not seem
to be contended that the evidence proved an original
authority of the agent to make such representations or
promise of release from liability, but it is said that
having in fact made the agreement, the appellees car-
ried it out, and thereby ratified it. The evidence that
the box company occupied the premises and paid the
rent falls short of showing ratification. Mr. Harris.

Harris v. Strickler.

understood from the first that the premises were to be occupied by that company but nevertheless required the individual signatures of the two prospective members to the lease, and there is no evidence that he ever contemplated any release of such liability nor that the appellee had any knowledge of the alleged representations or promises of Egoff.

Having denied the agency of Egoff under oath the appellant was required to produce evidence tending to show such authority before the declarations or promises of the alleged agent could bind the appellee. This he failed to do; and therefore the evidence of the declarations of Egoff was properly stricken out.

The appellant further contends that "the agreement between Harris & Cole Bros. and Strickler was an assignment of a lease to Strickler which he was at liberty to re-assign, and by such re-assignment could release himself from all liability for rent accruing after such re-assignment."

The rule as stated by appellant to support this claim is that an assignee may rid himself of all liability at law under the covenants of the lease by reassigning it. Whether the rule relied upon would apply if the original lessor were seeking to recover rent from Strickler with whom he is not in privity of contract need not be decided. Here the action is by the lessee against his assignee who has undertaken to pay rent to him, the lessee. Between these parties privity of contract exists. Upon what principle can the subtenant or assignee of the lessee (and for the purposes of this decision the designation is unimportant) be relieved from payment of rent as agreed? Whatever might be the effect of an assignment of a lease, without any agreement of the assignee to pay rent to the assignor when such agreement is made it is not annulled by a subsequent assignment to another. (2 Underhill, Landl. & Ten. § 648; 2 Taylor, Landl. & Ten., 8th ed., § 448.)

An assignment does not annul the lessee's obligation

on his covenant to pay rent, although the lessor has consented to the assignment and collected rent from the assignee. (24 Cyc. 1177b; *Grommes et al. v. St. Paul Trust Co. et al.*, 147 Ill. 634, 35 N. E. 820, 37 Am. St. Rep. 248.)

The same principle applies to an assignee of a term who has undertaken to pay rent to his assignor. (1 McAdam, Landl. & Ten., 4th ed., p. 869.)

The judgment is affirmed.