W. S. PICKLER, Appellant, v. H. W. MERSHON et al., Appellees.

No. 40751.

448

May 5, 1931.

Chester J. Eller, for appellant.

Clark, Byers, Hutchinson & Garber, for appellees, P. & C. Drug Co., Plagman & Couchman, H. C. Plagman and T. B. Couchman.

WAGNER, J.—The plaintiff is the owner of a certain business property in the city of Des Moines. A written lease was entered into between him and H. W. Mershon and Glen Chamberlain, by the terms and provisions of which Pickler, the lessor, leased to Mershon and Chamberlain, the lessees, said real estate for a period of ten years from July 1'', 1922, to July 1'', 1932, at the agreed rental of $202.00 per month. The lease provides that the lessees agree to pay the rent monthly in advance. Among other things, the lessees agree ''not to sell or assign this lease or underlet said premises or any portion thereof without the written consent of lessor.'' Upon the execution of said lease, the lessees entered into the possession of said real estate and occupied the same until May 4'', 1926, when, by written assignment, they assigned said lease to H. C. Plagman and T. B. Couchman, who at that time composed the partnership of Plagman and Couchman. The written assignment appearing upon the back of the lease is as follows, to wit:

"ASSIGNMENT OF LEASE.

"The within lease is hereby assigned by Harry W. Mershon, Glenn Chamberlin, by H. W. Mershon to Plagman & Couchman, and by them hereby accepted at Des Moines, Iowa, 5/4/1926.

(Signed) "T. B. Couchman, H. C. Plagman,
"Harry W. Mershon, Glenn Chamberlin, by H. W. Mershon."

The lease, with said assignment, was presented in person to the lessor for his written consent. Consent duly signed by the lessor appears on the back of the lease immediately below the assignment and is as follows:

"Undersigned lessor hereby consents to above assignment, waiving none of his rights under said lease as to lessees or assigns. (Signed) W. S. Pickler."

Subsequent to the date of said assignment, there was incorporated the P & C Drug Company, the stockholders of which were the aforesaid H. C. Plagman and T. B. Couchman, which corporation assumed and took over unto itself the obligations of the aforesaid partnership and its individual members under the lease. On August 23", 1929, there was executed unto N. T. Thurston an assignment, which is as follows, to wit:

"For value received, we hereby sell, assign, transfer and set over unto N. T. Thurston of Forest City, Winnebago County Iowa, all our right, title and interest in and to the within lease on this twenty-third day of August, 1929.

"H. C. Plagman
"H. C. Plagman and T. B. Couchman,
"by T. B. Couchman, Partner.
"P & C Drug Co. by T. B. Couchman, Sec'y."

At the time of this assignment, the plaintiff was residing in California. Notice of said assignment was forwarded by mail to plaintiff by Plagman & Couchman. In response to said notice, the plaintiff immediately, on August 26", 1929, wrote a letter, acknowledging receipt of notice and stating that he would not consent to the assignment and "I do not relinquish any of my rights in said lease and will not release Plagman and Couchman from any of their obligations under said lease as it is not accord-

ing to the provisions of said lease.'' This letter was forwarded by registered mail, delivery was tendered to Couchman, who refused the same and it was returned unopened to Pickler in California, and was not opened until the day of the trial of this cause in the district court, when it was produced by the plaintiff and both the envelope and the enclosure introduced in evidence. In addition to the foregoing, both Plagman and Couchman were personally served with written notice, stating that the plaintiff would not consent to the assignment and would not, in any manner, release the said assignees from any obligation owing by them.

On August 29", 1929, Thurston made an assignment of all his right, title and interest in and to the lease to R. R. Swallum. The consent of the lessor to this assignment was not obtained.

The leased property was occupied as a drug store, and at the time of the respective assignments of the lease, the stock of goods located in the leased building was sold and transferred to the respective assignees. The rent has been paid up to January 1", 1930. Sometime during the latter part of the month of May, 1930, Swallum, in the night time, moved the stock of goods from the leased building.

This action was begun June 10", 1930. In accord with the provisions of the lease, the plaintiff elected to declare due the entire amount of rent for the term. Since the premises have been abandoned, he asked the appointment of a receiver to take possession of the premises and rent the same for the remainder of the unexpired term, and that said receiver should take possession of any property which could be found and which was previously kept upon the premises, and upon which he had a lien. The receiver was appointed as prayed. He further asked for personal judgment against the defendants for the amount of rent due for the term of the lease. The cause was continued as to defendant, Swallum. Thurston is not made a party. The lessees, Mershon and Chamberlain, defaulted and personal judgment was rendered against them for the amount of the rent due for the term of the lease. The petition was dismissed as to the defendants, Plagman and Couchman, H. C. Plagman, T. B. Couchman and P & C Drug Company—a corporation. From this action by the trial court the plaintiff has appealed. It is conceded by the appellees that the defendants last above named, and as to whom plaintiff's

petition was dismissed, "may all be treated as one individual for the reason that the original partnership, to whom the lease was assigned, of Plagman & Couchman, of which H. C. Plagman and T. B. Couchman were the members, was later incorporated as the P & C Drug Company, the sole stockholders of which Company are H. C. Plagman and T. B. Couchman, and the corporation succeeded to the rights of the partnership under the lease."

The sole question for our determination is as to whether or not the plaintiff is entitled to personal judgment against the appellees for the amount of rent still due for the term of the lease. It is the contention of the appellees, that the lessor, having given his consent to the assignment of the lease by the lessees to the appellees, the aforesaid condition of the lease, "not to sell or assign this lease or sublet said premises or any portion thereof without the written consent of lessor," has been complied with, is discharged thereby and has no further force and effect as against subsequent assignments. The rule contended for by the appellees has support in the following authorities: Dumpor's Case, 76 English Reprint 1110, decided in 1578; Chipman v. Emeric, 5 Cal. 49; German-American Savings Bank v. Gollmer, 102 Pac. (Cal.) 932; Reid v. Weissner & Sons Brewing Co., 40 Atl. (Md.) 877; Aste v. Putnam's Hotel Co., 141 N. E. (Mass.) 666; Murray v. Harway, 56 N. Y. 337; Conger v. Duryee, 90 N. Y. 594; Easley Coal Co. v. Brush Creek Coal Co., 112 S. E. (W. Va.) 512; Storms v. Manhattan R. Co., 79 N. Y. Supp. 60, affirmed in 178 N. Y. 493; Note in 31 A. L. R. 153; 35 C. J. 976. This court has not as yet passed upon this proposition, nor do we find it necessary to pass upon it in the instant case, for, as claimed by the appellant, said question is immaterial in the consideration and determination of the ultimate question which is before us. There exists the fact that there was an assignment of the lease by the lessees to the appellees, which lease was accepted by the appellees, and that the appellant, the lessor, gave his consent to said assignment, waiving none of his rights under said lease as to lessees or assigns.

The appellees also contend, that where there is no liability of an assignee resting upon privity of contract, but only privity of estate as between the lessor and the assignee, an assignment of the lease by the assignee to another assignee who enters into possession of the real estate, terminates all liability of the first

assignee for rent, except during the period of time when the first assignee was in possession of the said real estate. This rule has support in the following authorities: 35 C. J. 998, Par. 101; 35 C. J. 999, Par. 105; Cohen v. Todd (Minn.), 153 N. W. 531; Donaldson v. Strong (Mass.), 81 N. E. 267; Mason v. Smith, 131 Mass. 510; McKee's Cash Store v. Otero (Ariz.), 171 Pac. 910; Lutton v. Rau (Cal.), 173 Pac. 1111; Fensterwald v. Samet (Md.), 113 Atl. 750; Reid v. Weissner & Sons Brewing Company of Baltimore (Md.), 40 Atl. 877. The appellant also contends that this rule invoked by the appellees is immaterial in the consideration and determination of the problem which is presented for our determination. We agree with the appellant that neither of the aforesaid rules invoked by the appellees has any bearing in the determination of the controversy between the appellant and the appellees. It will be noted that the aforesaid rule contended for by appellees applies only when there is privity of estate between the lessor and assignee, but not when the liability of the assignee rests upon contract. The mere assignment of a lease by the lessee will not relieve the lessee from his primary contractual liability to pay the rent, and this is true, although the assignment is with the consent of the lessor. 16 R. C. L. 843. In this case, the plaintiff in his written consent, stated that he "waived none of his rights under the lease as to lessees." Neither will a subsequent assignment by a prior assignee relieve such prior assignee from liability for any contractual obligation to pay the rent. See 35 C. J. 999, Par. 101, 36 C. J. 377, Par. 1240; Chase v. Oehlke (Cal.), 185 Pac. 425. It is the appellant's contention that by the terms of the assignment the appellees became obligated to pay the rent. It will be noted from the foregoing assignment, that it is signed by both the original lessees and the appellees as assignees. By the provisions of said assignment, the lessees assigned and the assignees *accepted* the lease. Said assignment reads: "The within lease is hereby assigned by Harry W. Mershon, Glenn Chamberlain, by H. W. Mershon (the lessees) to Plagman & Couchman and by them hereby *accepted.*" What could have been the intent and purpose of signing by appellees of an acceptance? Accept, within the meaning of the law, means something more than to receive. It means to adopt and to agree to carry out the provisions. If a mere naked assignment of the right, title and interest of the lessees

was all that was intended, the signature of the appellees thereto was unnecessary. Where the lessee, in a written lease of land, assigns the lease to another, who accepts in writing the assignment, the latter executes a contract in writing, binding him to perform the conditions of the lease though in the writing there may be no mention of the obligations assumed. See Schmidt v. Louisville & N. R. Co. (Ky.), 129 S. W. 332. In the cited case, the court made the following pronouncement:

"When it (assignee) signed the paper of which the lease was a part, it was the same in effect as if it had signed the lease itself. If the lessee in a written contract concerning land assigns his lease to another, and that other accepts in writing the assignment, we cannot doubt that this is a contract in writing signed by him to perform the conditions of the lease accepted, although in the specific writing that he sign there may be no mention of what obligation he has assumed. It is not necessary that there should be. Why should he accept in writing a lease, and substitute himself for the lessee, unless it be to do all the lessor (lessee) had agreed to do? If the party accepting the lease does not desire or intend to do this, or if it is not the purpose of the acceptance of the lease to take it with all its burdens as well as benefits, the assignee can easily insert conditions in the acceptance that will exempt him from such liability as he does not care to assume."

In Schick v. Davenport Realty Company, 200 Iowa 997, the plaintiff (lessor) brought suit to recover from an assignee rent for the term of the lease. In holding that the plaintiff was entitled to recover, we made the following pronouncement:

"Appellant (the assignee) contends that appellee(the lessor) cannot recover upon the express contract of leasing, and that, if appellee is entitled to recover at all, it could only be upon an implied contract. There is no merit in this contention. Appellant is an assignee of the written contract of lease, and accepted said assignment and took possession of said premises solely by virtue thereof. Appellee is suing for the rent under and by virtue of the written instrument, and not otherwise. If entitled to recover at all, appellee is entitled to recover under the written instrument, and at the rental therein stated."

We conclude that the acceptance by the assignees of the lease, duly signed by them, carried with it all of the obligations of the lease and that the subsequent assignment by such assignees did not relieve them from such contractual obligation.

The appellees contend that, by reason of the fact that the appellant, through a receiver, has taken possession of the property, he has waived his right as against the appellees. It must be borne in mind that the leased property has been abandoned. The appellant asks that the amount realized as rent in the receivership proceeding, over and above the costs of the receivership, be applied upon any judgment against the appellees. The course of procedure adopted by the appellant is in accordance with the terms of the lease and the law. See Benson v. Iowa Bake-Rite Company, 207 Iowa 410. Other matters now claimed by the appellees to constitute a waiver are neither pleaded nor proven.

Appellant contends that Section 10159, Code, 1927, referring to tenants at will, has some bearing in his favor relative to the merits of the controversy, but in view of our conclusions on the foregoing propositions, it becomes unnecessary to discuss the same. The judgment of the trial court is hereby reversed and the trial court ordered to enter judgment against the appellees in accordance herewith.—Reversed.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.