No. 35,651

W. H. Euler and Marguerite F. Euler, *Appellees*, v.
J. M. Kessler, *Appellant.*

(131 P. 2d 907)

Opinion filed December 12, 1942.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney,* of Topeka, was on the briefs for the appellant.

*Frank E. Miller,* of Topeka, argued the cause, and *L. H. Euler,* of Topeka, was on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, J.: This was an action for rents by the lessors of real property against the assignee of the lessees. The trial court made findings of fact and conclusions of law and rendered judgment for plaintiffs. Defendant has appealed.

The facts may be summarized briefly as follows: The plaintiffs, W. H. Euler and wife, are the owners of a described piece of real property used for business purposes. On March 15, 1937, they entered into a written agreement with Fred E. Schmitt and wife by the terms of which they leased the property to Schmitt for a term of five years beginning April 15, 1937, for $4,140, to be paid as rent, which sum the lessees agreed to pay in stated monthly payments. The writing contained a covenant on the part of the lessees that they "will not release or assign this lease without the written consent of the lessors." There was a supplemental agreement embodying details, not important here, which was referred to and became a part of the lease. The lessees entered into possession of the property under the lease and paid the monthly payments of rent provided for therein until August 10, 1939, at which time they executed

a written assignment of the lease to J. M. Kessler, who executed the following instrument:

"I, J. M. Kessler, of Topeka, Kan., do hereby accept the foregoing leasehold, together with supplemental agreement thereto.

(Signed)   J. M. KESSLER."

and the lessors executed the following consent thereto:

"Marguerite F. Euler and Dr. W. H. Euler, lessors in the foregoing leasehold, do hereby consent to the above and foregoing assignment and hereby recognize the tenancy of J. M. Kessler.   (Signed)   DR. W. H. EULER,

MARGUERITE F. EULER.

"Dated August 14, 1939.
"Witnessed by C. M. McMANUS."

Mr. Kessler entered into possession of the property under the lease and continued in possession thereof, paying the stipulated monthly rent payments, until September 6, 1940, when he executed an assignment, which reads:

"For, and in consideration of, the sum of one dollar and other valuable considerations, the receipt of which is hereby acknowledged, I, the undersigned, do hereby sell, assign, and transfer to J. S. Gilbert, who assumes and agrees to pay the within contract with all rights, privileges, obligations, and undertakings thereunder as therein set forth.

"In witness whereof, I have hereunto affixed my signature at Topeka, Kansas, this 6th day of September, 1940.   (Signed)   J. M. KESSLER."

Whereupon the lessors executed the following:

"Marguerite F. Euler and Dr. W. H. Euler, lessors in the foregoing leasehold, do hereby consent to the above and foregoing assignment and hereby recognize the tenancy of J. M. Kessler and J. S. Gilbert. Dated September 9, 1940.   (Signed)   DR. W. H. EULER."

The above assignments and consents were written on the lease.

J. S. Gilbert went into possession of the property and paid the monthly rent provided for in the lease to plaintiffs to and including January 1, 1941, and $65 upon the rent due February 1, 1941, and abandoned the property about February 15, 1941, and no further rent has been paid on the lease. The lessors made reasonable efforts to rent the premises for the remainder of the term of the lease, but were unable to do so except for the month of November, 1941. At the time of the trial there was a balance due lessors on the lease of $685 with interest. Judgment was rendered for the plaintiff against J. M. Kessler for this sum.

Appellant presents as the principal legal question for determination: "Does a valid reassignment by the assignee of a lease ter-

minate the liability of the assignee to pay rent to the lessor?" It is argued on behalf of appellant that the liability of a tenant and of his assignee to pay rent depends upon privity of estate, and when privity of estate ceases by a valid reassignment by the assignee of the lease, and a surrender of possession of the property, the liability to the lessor for rent ceases. In support of this argument counsel cites the annotations in 52 L. R. A., n. s., 968; 89 A. L. R. 433, and some of the cases there cited. The rule of law contended for by the appellant is well stated in 35 C. J. 998 as follows:

"An assignment of the lease by the assignee thereof terminates his liabilities so far as they rest upon privity of estate, equity following the law in this respect. The rule applies, although the lessee has covenanted for himself and assigns not to assign without the lessor's consent, or although the assignment is for the purpose of avoiding the obligations of the lease or to an irresponsible party, but the assignment must be actual and valid, and have been accepted by the assignee. Notice to the landlord is not essential."

See, also, 32 Am. Jur. 326, 327. Counsel advise us they can find no case in this state in which the rule above stated was applied, and our own research discloses none. The rule was referred to in *Harris v. Strickler*, 86 Kan. 266, 120 Pac. 343. In that case A had leased to B, who thereafter assigned to C, who covenanted with B to pay the stipulated rent to him. Thereafter C reassigned to D. B sued C to recover rents in arrears and recovered judgment. C contended that being an assignee his reassignment released him from liability. In the opinion affirming the judgment the court said (p. 269):

"The rule as stated by appellant to support this claim is that an assignee may rid himself of all liability at law under the covenants of the lease by reassigning it. *Whether the rule relied upon would apply if the original lessor were seeking to recover rent from Strickler with whom he is not in privity of contract need not be decided."* (Italics ours.)

The rule contended for by appellant applies only to liability for rent of the assignee of the lessee, as it depends upon privity of estate as distinct from privity of contract. Immediately following the above quotation from 35 C. J. 998 it is said (p. 999):

"However, a liability resting upon privity of contract between the assignee and the lessor is not terminated by a further assignment, as where the assignee has expressly assumed and covenanted in the assignment to perform the obligations of the lease."

And in 32 Am. Jur. 330, the rule is thus stated:

"The liability of an assignee of a lease who has entered into a valid and binding contract with the lessor and has assumed the obligations of the lease

is not terminated by reassignment of the lease, which divests the lessee of his title to the term; the reassignment terminates the privity of the estate but not the privity of contract."

Generally it is held by the courts that where, by the language used in the assignment by the lessee, or in the acceptance of the assignment by the assignee, the assignee has bound himself to perform the covenants of the lease, there is 'a contractual liability to pay rent for the remainder of the term, which the assignee cannot defeat by reassignment, unless, of course, the lessor agrees to relieve the assignee of such liability. In addition to the cases cited by the text last above mentioned see the following holdings of the courts:

"Where an instrument assigning a lease stated that the assignment was made in consideration of a certain sum and the 'assumption by the assignee of all the obligations and liabilities of the assignor,' such assumption created a privity of contract, as well as a privity of estate, between the lessor and the assignee, so as to make the latter liable for rent after the termination of the relation of lessor and lessee by a further assignment." (*Springer v. DeWolf*, 194 Ill. 218, 62 N. E. 542, headnote.)

"Where assignee of lease of gasoline service station, under terms of assignment, became directly liable for stipulated rentals to lessor, assignee *held* not entitled to avoid liability for rentals by making assignment to third party, without release from original lessor." (*Waggonner v. Edwards,* [Tex. App.] 68 S. W. 2d 655, headnote.)

"Where lease was assigned with lessor's consent subject to all the covenants in the lease, and assignee subsequently reassigned lease to lessee, the assignee was liable for the rent for the period subsequent to reassignment, since the covenant to pay rent assumed by original assignment remained an obligation, notwithstanding reassignment." (*Geyer v. Denham,* [Mo. App.] 231 S. W. 61, headnote.)

"An assignee of lease is liable for rent only for period during which he is in possession of leased premises, and such liability is determined when he assigns his term and goes out of possession, subject to exception that assignee expressly contracting or covenanting to pay rent or perform covenants of lease including covenant to pay rent may be held liable on such contract or covenant despite his subsequent assignment of lease." (*Bankers Pocahontas C. Co. v. Monarch Smokeless C. Co.,* [W. Va.] 14 S. E. 2d 922, headnote.)

"Assignees of a lease, who in consideration of the lessor's consent to the assignment and other consideration assumed and agreed to perform the covenants of the lease, became obligated to pay the rent by privity of contract with the lessor, as well as privity of estate; and hence, after an assignment of the lease by them, they were liable for the rent subsequently accruing, since, while this assignment broke the privity of estate, it did not destroy the privity of contract." (*Zinwell Co. v. Ilkovitz,* 144 N. Y. Supp. 815, headnote.)

"Where assignees of a lease, who had assumed the performance of its covenants, assigned the lease to persons who executed a similar assumption, the

108

lessor could sue both the original and subsequent assignees simultaneously, though it could have but one satisfaction." (*Zinwell Co. v. Adams,* 144 N. Y. Supp. 817.)

In *Pickler v. Mershon,* 212 Ia. 447, 236 N. W. 382, it was said:

"By the provisions of said assignment, the lessees assigned and the assignees *accepted* the lease. Said assignment reads: 'The within lease is hereby assigned by Harry W. Mershon, Glenn Chamberlain, by H. W. Mershon (the lessees) to Plagman & Couchman and by them hereby *accepted.'* What could have been the intent and purpose of signing by appellees of an acceptance? Accept, within the meaning of the law, means something more than to receive. It means to adopt and to agree to carry out the provisions. If a mere naked assignment of the right, title and interest of the lessees was all that was intended, the signature of the appellees thereto was unnecessary. Where the lessee, in a written lease of land, assigns the lease to another, who accepts in writing the assignment, the latter executes a contract in writing, binding him to perform the conditions of the lease though in the writing there may be no mention of the obligations assumed. See *Schmidt v. Louisville & N. R. Co.* (Ky.), 129 S. W. 332." (p. 452.) Followed in *Central State Bank v. Herrick,* 214 Ia. 379, 240 N. W. 242.

"Where the lessee in a written lease of land assigns the lease to another, who accepts in writing the assignment, the latter executes a contract in writing binding him to perform the conditions of the lease, though in the writing there is no mention of the obligations assumed." (*Schmidt v. Louisville & N. R. Co.,* 139 Ky. 81, 129 S. W. 332, headnote.)

"Where assignee of lease executed, as part of instrument of assignment, covenant to pay rent, liability on such covenant was personal, based on privity of contract as distinguished from privity of estate, and he cannot escape liability by assignment of his estate." (*68 Beacon Street, Inc., v. Schier,* 289 Mass. 354, 194 N. E. 303, headnote 3.)

In *Prescott v. Mutual Benefit Health and Accident Ass'n,* 133 Fla. 510, 183 So. 311, the following was said with reference to an insurance contract:

"The word 'accept' means something more than to receive. It means to receive and assent to. Vol. 1, Words & Phrases, 4th Series, pp. 18 and 19, the definition given is, 'accept within the meaning of the law means something more than to receive. It means to adopt and to agree to carry out the provisions of the assigned instrument.'" (p. 516.)

Among the definitions of the word "accept" are the following: "Accept: 3. To receive or admit and agree to; . . ." Webster's New International Dictionary. "Accept. . . . In legal application, to act; to adopt and agree to carry out the provisions; . . ." 1 C. J. S. 409.

In harmony with these definitions and the authorities above cited we hold that when the defendant wrote upon the lease after the

assignment: "I, . . . do hereby accept the foregoing Leasehold, together with supplemental agreement thereto," he personally agreed to carry out the agreements of the lease. The word "leasehold" may have been used to refer to the property described in the lease, but the supplemental agreement (as well as the lease) contained a specific agreement on the part of the lessees to pay the gross amount of the rent in installments, as stated. The result is the defendant became bound to pay unpaid portions of the rent for the term of the lease, and thereby there arose privity of contract as distinct from privity of estate.

There is no contention that plaintiffs thereafter released defendant from his obligation to pay rent. On the other hand, when plaintiffs consented to the assignment of the lease by defendant to Gilbert they specifically recognized the tenancy of Kessler and Gilbert.

In view of our conclusion on this point it is unnecessary to discuss another argued in the briefs.

We find no error in the record of which appellant can complain. The judgment of the court below is affirmed.