LINNEA BERG and CENTRAL NATIONAL BANK & TRUST CO., trustees of estate of William Berg, appellees, v. CLAYTON RIDGWAY, appellant.

No. 51869.

(Reported in 140 N.W.2d 95)

█ 

█ 

█ 

█ 

█ 

FEBRUARY 8, 1966.

. Wilson, Stamatelos & Glenn, of West Des Moines, for appellant.

Stewart, Miller, Wimer, Brennan & Joyce, of Des Moines, for appellees.

THORNTON, J.—This is an action at law tried to the court without a jury. Plaintiffs are the lessors in a lease on the premises known as 220 West Grand Avenue, in West Des Moines. The lease, dated January 3, 1953, provides for a term of ten years from October 9, 1952, for an annual ground rental of $750 payable in monthly installments, and a sum equal to seven percent of the total cost of the building payable in monthly installments, that lessee would pay the real-estate taxes levied and assessed during the term, for attorney fees, and that lessee could not assign the lease without lessors' consent. It did not contain a provision making the terms binding on the assigns of the lessee.

Defendant is the third assignee of the lease. In a dissolution of a partnership agreement, Exhibit D, between defendant and a prior assignee defendant agreed to pay the taxes on the premises by virtue of the lease. Exhibit D contained a provision including the lease as part of the partnership assets, and the following:

"* * *, it is agreed that, the Second Party does hereby transfer, sell, assign and convey all right title and interest of the Second Party in and to the aforesaid partnership and its assets to the First Party [defendant].

"First Party hereby purchases and accepts such transfer, assignment and conveyance."

Defendant entered into possession of the premises pursuant to the dissolution agreement April 3, 1959, and paid the monthly rentals up to August 31, 1962. Plaintiffs accepted rent from him without objection to his occupancy. The trial court could properly find both parties were acting pursuant to the lease.

After trial to the court, judgment was entered against defendant for unpaid taxes, penalty and interest, one month and eight days rent and costs including attorney fees.

Both parties appeal. Defendant's contentions will be considered first.

I. Plaintiffs pleaded the written lease and attached a copy to their petition but merely pleaded, "and that this lease was assigned to the defendant." Defendant's answer denied the lease was assigned to him.

■ Because of plaintiffs' failure to comply with rule 91, Rules of Civil Procedure, and state whether the assignment was written or oral, defendant contends the trial court was in error in allowing the introduction into evidence of Exhibit D, the dissolution agreement, and Exhibits B and C. Exhibit B is an agreement between the original lessee and one Winslow and one Christopher wherein the lease, Exhibit A, was assigned to Winslow and Christopher and they assumed and agreed to perform all the covenants in the lease. Exhibit C is a partnership agreement between defendant Ridgway and Winslow.

Defendant insists plaintiffs' failure to plead whether the assignment was written or oral amounts to not pleading the assignment, and the rule stated in Snater v. Walters, 250 Iowa 1189, 98 N.W.2d 302, that a party cannot plead one contract and recover on another is applicable.

We believe this is a mistaken view of the situation facing defendant when confronted with plaintiffs' petition. Plaintiffs' action was in fact based upon two written instruments, the lease, Exhibit A, to show the contract plaintiffs relied on and Exhibit D to show defendant was bound by the terms of the contract. Defendant was entitled to have the petition state whether each of them was oral or written and both set forth in full. The real question is, What is defendant's remedy? He insists the evidence bearing on Exhibit D, and Exhibit D itself, should not have been received.

■ Plaintiffs' position is Exhibits B, C and D are evidentiary matter and it is not necessary or proper to set them out in the pleadings, and if defendant was misled he should have moved for a more specific statement. Plaintiffs are correct as to Exhibits B and C. These instruments are collateral pieces of evidence tracing the assignment of the lease to defendant. The action is not based on them. Charles v. Epperson & Co., Inc., 258 Iowa 409, 423, 137 N.W.2d 605, 613.

In response to plaintiffs' argument defendant's remedy is by motion for more specific statement, defendant contends because rule 112, Rules of Civil Procedure, limits the use of such motions to such matters as are not pleaded with sufficient definiteness to enable him to plead to it. Defendant contends Simmermaker v.

International Harvester Co., 230 Iowa 845, 298 N.W. 911, is no longer applicable because rule 112 limits our former statutory practice. He contends he could and did plead to the allegation. It is true he denied any assignment, and went to trial on such answer. We think his view of the limitation of rule 112 is too restricted. Rule 91, Rules of Civil Procedure, requires the pleading to state whether a contract is written or oral.

It is proper to move to make the petition more specific by stating whether a contract is written or oral. See Kester v. Travelers Indemnity Co., Hartford, Connecticut, 257 Iowa 1146, 136 N.W.2d 261. And it is also proper to seek such information by interrogatories under rule 121, Rules of Civil Procedure, or at a pretrial conference. The petition was not fatally defective, nor did the failure to comply with rule 91 render evidence of the contract inadmissible.

II. Defendant contends it was error for the trial court to allow the introduction in evidence of Exhibit E, a notice of the amount to redeem from tax sale of the property under lease signed by a deputy county auditor. Defendant runs into this situation. The only reason he urges the notice was inadmissible here is that it was hearsay. He did not object to the admission of the notice in evidence on that ground in the trial court. Errors not stated or argued are waived. Rule 344(a)(4)(Third), Rules of Civil Procedure. An objection to evidence not made in the trial court will not be considered on appeal. We are limited to the record made in the trial court and the errors properly assigned here. Best v. Yerkes, 247 Iowa 800, 811, 77 N.W.2d 23, 30, 60 A. L. R.2d 1354.

III. Defendant next contends the trial court erred in allowing plaintiffs to recover the real-estate taxes for 1960, 1961 and 1962 with interest and penalty and in allowing attorney fees because recovery here should be based on privity of estate instead of privity of contract. This is untenable. Here the lease provided for the payment of taxes and attorney fees. In Exhibit D defendant agreed to pay the taxes and accepted the assignment of the lease. When one accepts the assignment of a lease he not only has the benefits of the lease but the burdens as well. He stands in the shoes of the lessee at least for the period of time

he occupies the premises. In Pickler v. Mershon, 212 Iowa 447, 452, 453, 236 N.W. 382, 385, we said:

"Accept, within the meaning of the law, means something more than to receive. It means to adopt and to agree to carry out the provisions. If a mere naked assignment of the right, title and interest of the lessees was all that was intended, the signature of the appellees thereto was unnecessary. Where the lessee, in a written lease of land, assigns the lease to another, who accepts in writing the assignment, the latter executes a contract in writing, binding him to perform the conditions of the lease though in the writing there may be no mention of the obligations assumed."

Both parties cite Pickler v. Mershon, supra; Seeburger v. Cohen, 215 Iowa 1088, 247 N.W. 292, 89 A. L. R. 427; and Central State Bank v. Herrick, 214 Iowa 379, 240 N.W. 242.

In Pickler v. Mershon, supra, plaintiff's action was to recover from defendant assignees for a period after they had reassigned the lease and their assignees were in possession. The assignment to such defendants was on the back of the lease and consented to by lessor. Lessor refused to consent to the second assignment. We there held the defendant assignees were liable under the provisions of the lease for the balance of the term. The case holds and is authority for the proposition, where a lease is assigned and accepted in writing the assignee is liable and his liability rests on privity of contract.

In Central State Bank v. Herrick, supra, the action was against an assignee who had accepted the lease not in writing but orally or by his conduct. The lease contained a provision making it binding on assignees and against assignment without the lessors' written consent. We there held the lessors waived the restriction on assignment without written consent by accepting rent and their conduct in relation to the assignee's occupancy. We further held the assignee liable for the rent and attorney fees for the period of his occupancy, and that the assignee was bound by the terms of the lease.

In the Seeburger case, supra, the action was against assignees for rent for a period after they had reassigned the lease. Such defendants did perform the lease while they occupied the premises. The opinion indicates nothing more than an acceptance

of the lease by conduct, entering into possession and paying rent, and we held the defendants had not obligated themselves to assume the burdens of the lease beyond the period of their occupancy.

Defendant here contends because the lease does not contain a provision making the lease binding on assignees he cannot be liable based on contract for the taxes and attorney fees. This is not what the three cited cases hold. We think a written acceptance binds the assignee to perform all the provisions of the lease—that is his contract—for the period he occupies the premises. Where, as here, the assignee accepts the lease in writing he accepts all the burdens including attorney fees whether the lease itself contains a provision making the lease binding on an assignee, he has accepted all the provisions in any event.

It is immaterial that his acceptance appears in a document other than the lease or that lessors have consented to the assignment by conduct rather than in writing. Whether it binds him for a period after reassignment is not before us, and whether his assignor is liable is not before us.

The trial court could find defendant had agreed to perform all the provisions of the lease during the period of his occupancy. In fact there is little evidence to support a contrary finding. Central State Bank v. Herrick, 214 Iowa 379, 386, 240 N.W. 242, 246.

IV. Defendant contends the plaintiffs were not entitled to a money judgment because the sole remedy provided under the lease was for forcible entry and detainer. This argument is based on paragraph 11 of the lease. Paragraph 11 refers to subletting of the lease, not to an assignment. It does provide, "* * * lessor * * * shall have the right to collect the rent due * * * from said sub-tenant * * *" and "* * * lessor shall have the right to possession * * *, if lessor so elects, and may resort to an action of forcible entry and detainer * * *."

This entire argument is without merit. An assignment and subletting are two different things. An assignment of a lease transfers the lessee's entire interest without retaining a reversionary interest. A sublease reserves a reversionary interest in the lessee. 51 C. J. S., Landlord and Tenant, section 37a, page

553, 37b, page 555. The assignment to defendant here was not a sublease. Though not material to decision it is apparent paragraph 11 gave the landlord the right to collect the rent due from the sublessee under his agreement with the lessee.

V. Plaintiffs called the trust officer of plaintiff bank who testified he was familiar with the trust assets of the trust estate and he had charge of the entire administration of the trust assets and that the property in question was part of the assets. He was asked if he could tell the total cost of the building on this property from his records. Defendant objected then and urges error here because such called for hearsay. It is hearsay but comes within the books of account exception and the allowing of expert testimony to a summary of what appears in the books. 20 Am. Jur., Evidence, section 831, pages 697, 698; and Wigmore's Code of Evidence, Third Ed., section 1440, page 280, section 1177, page 234. The admissibility of such testimony is within the sound legal discretion of the trial court. If there was any error in the reception of this evidence it was without prejudice to defendant. The same witness testified defendant paid rent of $202.85 monthly from April 3, 1959, up to August 31, 1962, the amount of rent per month prayed for in plaintiffs' petition.

VI. Defendant further complains there is no evidence to support the court's finding defendant did not pay the rent for the month of September 1962. The trust officer testified on direct examination the last month defendant paid rent was the rent due August 1, 1962. To the question, "Did Mr. Ridgway pay the September or October 1962 rental to you?" he answered, "No, sir." On cross-examination he was asked whether defendant paid rent up to September 30, 1962, and he answered, "Yes sir." The trial court sitting without a jury was the trier of fact. It heard the testimony and was in a position to see and observe the witness. The witness actually testified both ways on the September rent. The trial court could properly determine from this testimony the witness misspoke on cross-examination. That contradictory testimony is for the trier of fact, see Reuter v. City of Oskaloosa, 253 Iowa 768, 773, 774, 113 N.W.2d 716, 719, 720.

VII. Plaintiffs cross appeal urging they should have been

allowed rent from October 8, 1962, until defendant quit the premises in January 1963.

 The trial court found as a fact at or about the time the lease expired plaintiffs and defendant entered into an oral contract whereby defendant leased the premises as a tenant at will on a basis similar to that provided in a written lease, and that the action was solely upon the written lease. We think the pleadings and the evidence fully sustain the trial court. The evidence bearing on the agreement reached at the end of the lease fully supports the court's finding of an oral agreement. We have repeatedly held a party cannot plead one contract and recover on another. Snater v. Walters, 250 Iowa 1189, 1193, 98 N.W.2d 302; and Economy Hog & Cattle Powder Co. v. Honett, 222 Iowa 894, 899, 900, 270 N.W. 842. As in the Snater case, plaintiffs here made no attempt to amend to conform to their proof.

It follows the judgment of the trial court must be—Affirmed.

All JUSTICES concur.