## CIRCUIT COURT OF THE CITY OF RICHMOND

Franklin Holding Corp.

v.

Cavalier Enterprises, Inc.,
Jeffrey B. Buck,
and Gordon R. Nelson

July 3, 1974

Case No. E.F. 75-334

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today overruling the demurrer of the defendants Buck and Nelson. Because the case is set for trial on July 18, the court proceeded to rule on the demurrer without affording Mr. Henderson the opportunity to respond to Mr. Price's letter of June 27 inasmuch as the defendants' position was fully argued orally on June 17.

The sole issue raised by the demurrer is whether, in this action of unlawful detainer which seeks recovery of possession of the premises, rents and damages, the demurrants are proper parties defendant.

Considering the allegations of the motion for judgment, as they must be on demurrer, the plaintiff lessor contends that the defendants Buck and Nelson are the assignees of the lessee Bloxham with the plaintiff's consent. The assignees assigned their term to the defendant Cavalier and others, also with the plaintiff's consent, and went out of possession of the premises.

Although no Virginia case precisely on point has been cited or found, the settled law elsewhere is that the demurrants here are proper parties to this action.

"The liability of an assignee of a lease who has entered into a valid and binding contract with the lessor and has assumed the obligations of the lease is not terminated by reassignment of the lease, which divests the lessee of his title to the term; [sic] the reassignment terminates the privity of the estate, but not the privity of contract." 49 Am. Jur. 2d *Landlord and Tenant*, § 478, p. 467.

In *Euler et al.* v. *Kessler*, 131 P.2d 907 (Kan. 1942), an action for rents, there was a reassignment by the assignee of the lessee with the consent of the lessor. There the assignee of the lessee, in writing, accepted the lease and the court held that:

> where, by the language used in the assignment by the lessee, or in the acceptance of the assignment by the assignee, the assignee has bound himself to perform the covenants of the lease, there is a contractual liability to pay rent for the remainder of the term, which the assignee cannot defeat by reassignment unless, of course, the lessor agrees to relieve the assignee of such liability. 131 P.2d at 909.

*Euler* cites the West Virginia case of *Bankers Pocahontas Coal Co.* v. *Monarch Smokeless Coal Co., et al.*, 14 S.E.2d 922 (W. Va. 1941), which is noted as authority in 11 M.J. *Landlord and Tenant* § 59, p. 739, ftn. 14, for the proposition that when the assignment to the assignee from the lessee contains the assignee's express covenant to pay the rent or to perform the covenants of the lease, which includes a covenant to pay the rent, then the assignee may be held upon his covenant by the lessor despite his own subsequent assignment.

In *Bankers* there was a reassignment by the assignee of the lessee. In holding that the assignee was a proper party in the suit for rents under a coal lease despite his reassignment, the West Virginia Supreme Court stated:

> The demurrants, however, insist that this obligation [to pay rents] could not subsist against the [assignee of the lessee] except during the period it held the lease and occupied the premi-

ses; and this would be true if that company was an assignee and no more. [Citations omitted] But where one takes a lease by assignment and also expressly assumes the payment of rent or other obligations of the lessee, he becomes not only an assignee, but an assumptor, as well, and is absolutely bound to the lessor for the residue of the term upon the obligations assumed, whether he ever occupies the premises or not. Nor can such assumptor relieve himself of the obligations undertaken by the simple device of voluntarily transferring the leasehold to another, even though that other, in turn, assumes the obligation. It would be strange, indeed, if one who becomes bound to another in a contractual relation could, at his own whim, terminate that obligation by procuring some other person to assume it. No case has been cited or found where such an assumptor has been permitted so to extricate himself. On the other hand, courts and law writers have frequently affirmed the doctrine here announced. 14 S.E.2d at 926.

Here when the lessee Bloxham assigned the lease to Buck and Nelson, the assignees stated in writing:

We hereby agree to assume the foregoing lease from the 1st day of June, 1969, and do hereby agree to become bound by all of the covenants and conditions therein contained as though the same were originally entered into by us.

Clearly, this is an express contract to perform the covenants of the lease including the payment of the rent, and the demurrants are bound upon their contract to the plaintiff lessor, notwithstanding their subsequent assignment to the defendant Cavalier and others.

Neither of the foregoing cases were actions of unlawful detainer, nevertheless the demurrants are proper parties defendant here. The statutory remedy of unlawful detainer is a mixed action allowing recovery of rents and damages as well as possession. Code § 8-793; *Burks Pleading and Practice*, 4th Ed., § 103, p. 212. As has been stated,

the defendants are proper parties to the claim for rent and damages. It would be illogical then to hold that these defendants who are out of possession have been improperly joined merely because the possessory remedy is included in the plaintiff's action. For a case involving an action of unlawful detainer where there was an assignment by the lessee but no reassignment. *See*, *Emerick* v. *Tavener*, 50 Va. (9 Gratt.) 220 (1852).

For these reasons, the said demurrer is overruled.

The plaintiff, in counsel's letter of June 27, requests permission to amend its motion for judgment. If the plaintiff still desires to amend, an appropriate motion and notice thereof will be necessary or, if the defendants do not object to an amendment, counsel may present an endorsed order for entry.